UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
DONNA J. SCHULTZ

Civil Case No.: 19-CV-00925

                Plaintiff,                                  **ANSWER**

    -against-

COUNTY OF SUFFOLK, SUFFOLK COUNTY
EXECUTIVE'S OFFICE, SUFFOLK COUNTY POLICE
DEPARTMENT, JUSTIN S. MEYERS IN HIS OFFICIAL
AND PERSONAL CAPACITY, DENNIS COHEN IN HIS
OFFICIAL AND PERSONAL CAPACITY, AND STUART
CAMERON IN HIS OFFICIAL AND PERSONAL
CAPACITY,

                Defendants.
------------------------------------------------------------------------X

      Defendant, **STUART CAMERON ("Cameron"),** by and through his attorney, **BRIAN J. DAVIS, P.C.** as and for an Answer to the Amended Complaint, respectfully alleges and states as follows:

1. Denies the allegations set forth in paragraph "1" of the Complaint.

2. Denies the allegations set forth in paragraph "2" of the Complaint.

3. Denies the allegations set forth in paragraph "3" of the Complaint.

4. Denies the allegations set forth in paragraph "4" of the Complaint.

5. Denies the allegations set forth in paragraph "5" of the Complaint.

6. Denies the allegations set forth in paragraph "6" of the Complaint.

7. Denies the allegations set forth in paragraph "7" of the Complaint.

8. Denies the allegations set forth in paragraph "8" of the Complaint.

9. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Complaint.

10. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Complaint, except that Defendant Cameron denies the allegations that the County formed and has direct authority over several individual departments including the Suffolk County Executive's Office and Suffolk County Police Department.

11. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Complaint.

12. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Complaint.

13. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint.

14. Denies the allegations set forth in paragraph "15" of the Complaint, except to the allegation that Defendant Cameron was Acting Commissioner sometime after Timothy Sini became the Suffolk County District Attorney.

15. Denies the allegations set forth in paragraph "16" of the Complaint.

16. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Complaint.

17. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Complaint.

18. Denies the allegations set forth in paragraph "19" of the Complaint.

19. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Complaint.

20. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Complaint.

21. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Complaint.

22. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the Complaint.

23. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the Complaint.

24. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Complaint.

25. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Complaint.

26. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the Complaint.

27. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the Complaint.

28. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the Complaint.

29. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the Complaint.

30. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the Complaint.

31. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the Complaint.

32. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the Complaint.

33. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the Complaint.

34. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the Complaint.

35. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the Complaint.

36. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the Complaint.

37. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the Complaint.

38. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the Complaint.

39. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the Complaint.

40. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of the Complaint.

41. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the Complaint.

42. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the Complaint.

43. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "45" of the Complaint.

44. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "46" of the Complaint.

45. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "47" of the Complaint.

46. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "48" of the Complaint.

47. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "49" of the Complaint.

48. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "50" of the Complaint.

49. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "51" of the Complaint.

50. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "52" of the Complaint.

51. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "53" of the Complaint.

52. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "54" of the Complaint.

53. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "55" of the Complaint.

54. Denies the allegations set forth in paragraph "56" of the Complaint.

55. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "57" of the Complaint.

56. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "58" of the Complaint.

57. Admits the allegations set forth in paragraph "59" of the Complaint to the extent that a meeting took place to address the Plaintiff's complaint.

58. Admits the allegations set forth in paragraph "60" of the Complaint to the extent that Plaintiff complained but never mentioned campaigning to Sini on Suffolk County Police Department time.

59. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "62" of the Complaint.

60. Admits the allegations set forth in paragraph "63" of the Complaint and that Plaintiff had a misdemeanor conviction of a theft over $1,000.00.

61. Denies the allegations set forth in paragraph "65" of the Complaint.

62. Denies the allegations set forth in paragraph "66" of the Complaint.

63. Denies the allegations set forth in paragraph "67" of the Complaint.

64. Denies the allegations set forth in paragraph "68" of the Complaint.

65. Admits the allegations set forth in paragraph "69" of the Complaint, but states that Plaintiff was hired by the County Executive Office.

66. Denies the allegations set forth in paragraph "70" of the Complaint.

67. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "71" of the Complaint, specifically concerning the Plaintiff's application with the County of Suffolk and not the Suffolk County Police Department.

68. Admits the allegations set forth in paragraph "74" of the Complaint but states that Section 753 of the New York Correction Law is irrelevant.

69. Denies the allegations set forth in paragraph "75" of the Complaint and states that information was provided to the County of Suffolk and not the Suffolk County Police Department.

70. Denies the allegations set forth in paragraph "76" of the Complaint.

71. Admits the allegations set forth in paragraph "77" of the Complaint except that the SCPD had no duty to explain to Plaintiff. Suffolk County Police Department policy is more stringent than that of the County of Suffolk's hiring policy.

72. Denies the allegations set forth in paragraph "78" of the Complaint.

73. Denies the allegations set forth in paragraph "79" of the Complaint.

**AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION**

74. Defendant repeats and reiterates each and every denial as to each and every allegation contained in paragraphs "1" through "73" inclusive, as if same were more fully set forth herein at length.

75. Denies the allegations set forth in paragraph "81" of the Complaint.

76. Denies the allegations set forth in paragraph "82" of the Complaint.

77. Denies the allegations set forth in paragraph "83" of the Complaint.

78. Denies the allegations set forth in paragraph "84" of the Complaint, specifically that the SCPD had not completed a background check.

79. Denies the allegations set forth in paragraph "85" of the Complaint.

80. Denies the allegations set forth in paragraph "86" of the Complaint and states that Defendant Cameron only became aware of the conviction when SCPD completed its background check.

81. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "87" of the Complaint.

82. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "88" of the Complaint.

**AS AND FOR AN ANSWER TO THE SECOND CAUSE OF ACTION**

83. Defendant repeats and reiterates each and every denial as to each and every allegation contained in paragraphs "1" through "82" inclusive, as if same were more fully set forth herein at length.

84. Denies the allegations set forth in paragraph "90" of the Complaint.

85. Denies the allegations set forth in paragraph "91" of the Complaint.

86. Denies the allegations set forth in paragraph "92" of the Complaint.

87. Denies the allegations set forth in paragraph "93" of the Complaint.

88. Denies the allegations set forth in paragraph "94" of the Complaint.

**AS AND FOR AN ANSWER TO THE THIRD CAUSE OF ACTION**

89. Defendant repeats and reiterates each and every denial as to each and every allegation contained in paragraphs "1" through "88" inclusive, as if same were more fully set forth herein at length.

90. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "96" of the Complaint.

91. Denies the allegations set forth in paragraph "97" of the Complaint.

92. Denies the allegations set forth in paragraph "98" of the Complaint.

93. Denies the allegations set forth in paragraph "99" of the Complaint.

94. Denies the allegations set forth in paragraph "100" of the Complaint.

95. Denies the allegations set forth in paragraph "101" of the Complaint.

96. Denies the allegations set forth in paragraph "102" of the Complaint.

97. Denies the allegations set forth in paragraph "103" of the Complaint.

98. Denies the allegations set forth in paragraph "104" of the Complaint.

99. Denies the allegations set forth in paragraph "105" of the Complaint.

100. Denies the allegations set forth in paragraph "106" of the Complaint.

**AS AND FOR AN ANSWER TO THE FOURTH CAUSE OF ACTION**

101. Defendant repeats and reiterates each and every denial as to each and every allegation contained in paragraphs "1" through "100" inclusive, as if same were more fully set forth herein at length.

102. Denies the allegations set forth in paragraph "108" of the Complaint.

103. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "110" of the Complaint.

104. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "111" of the Complaint.

105. Denies the allegations set forth in paragraph "113" of the Complaint.

**AS AND FOR AN ANSWER TO THE FIFTH CAUSE OF ACTION**

106. Defendant repeats and reiterates each and every denial as to each and every allegation contained in paragraphs "1" through "105" inclusive, as if same were more fully set forth herein at length.

107. Denies the allegations set forth in paragraph "115" of the Complaint.

108. Denies the allegations set forth in paragraph "116" of the Complaint.

109. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "117" of the Complaint.

110. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "118" of the Complaint.

111. Denies the allegations set forth in paragraph "120" of the Complaint.

**AS AND FOR AN ANSWER TO THE SIXTH CAUSE OF ACTION**

112. Defendant repeats and reiterates each and every denial as to each and every allegation contained in paragraphs "1" through "111" inclusive, as if same were more fully set forth herein at length.

113. Denies the allegations set forth in paragraph "122" of the Complaint.

114. Denies the allegations set forth in paragraph "123" of the Complaint.

115. Denies the allegations set forth in paragraph "124" of the Complaint.

116. Denies the allegations set forth in paragraph "125" of the Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

117. That the damages sustained by plaintiff, if any, were caused by the plaintiff's own culpable and/or negligent conduct.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

118. That the Complaint fails to set forth facts sufficient to constitute a deprivation of any constitutional right or other basis for a civil rights claim.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

119. That the doctrines of respondent superior and vicarious liability do not apply to a civil rights claim.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

120. That defendant is not liable for a punitive damage awards.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

121. That this Court lacks subject matter jurisdiction.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

122. That defendant's actions, if any, were justified by the facts and circumstances presented.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

123. That the termination of the Plaintiff was based on the fact that the Plaintiff had committed a crime and/or offense involving the theft of property over $1,000.00 on value, which was in contravention of the Suffolk County Police Department hiring guidelines.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

124. That the defendant, at all times complained of, acted reasonably and in good faith in the discharge of his official duties and responsibilities.

125. That defendant acted in what he did solely pursuant to his duties and responsibilities as chief and temporary commissioner.

126. That defendant at all times acted in good faith in that he reasonably believed that he was exercising and acting within his statutory and constitutional powers.

127. That in performing such duties and responsibilities, defendant is and was protected by absolute and/or qualified Federal and/or State immunity.

## AS AND FOR a NINTH AFFIRMATIVE DEFENSE

128. That this action is barred by the doctrines of qualified and/or absolute governmental immunity for discretionary acts.

WHEREFORE, defendants demand judgment against the plaintiff dismissing the Complaint, together with the costs, disbursements and reasonable attorneys' fees of this action and for such other and further relief as this Court deems just and proper.

Dated: Garden City, NY
April 18, 2019

**BRIAN J. DAVIS, P.C.**

By: s/ Brian J. Davis_____
Brian J. Davis, Esq.
Attorney for Defendant Stuart Cameron
400 Garden City Plaza, Suite 430
Garden City, New York 11530
(516) 542-0249