# BRENDAN CHAO
## ATTORNEY AND COUNSELLOR AT LAW

50 MERRICK ROAD, SUITE 200
ROCKVILLE CENTRE, N.Y. 11570
(516) 466-2033
FACSIMILE: (516) 466-2007

E-MAIL: bchao@bchaolaw.com

May 28, 2019

**VIA ECF**

The Honorable Joan M. Azrack
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, N.Y. 11722

   Re: Donna Schultz v. County of Suffolk, et al.
     Civil Case No. 19-CV-00925 (JMA)(ARL)

Dear Judge Azrack:

   This office represents the plaintiff ("Schultz") in the above matter. I write in response to the request for a pre-motion conference by defendants Justin S. Meyers ("Meyers"), Suffolk County, et al. (the "County"), and Dennis Cohen ("Cohen"). For the reasons stated more fully below, I respectfully submit that defendants' arguments in support of their request are without merit.

## Defendant Justin S. Meyers

   1) <u>Meyer's lack of personal involvement</u>: Meyers correctly notes that personal involvement of an individual defendant must be plausibly alleged in a 42 U.S.C. §1983 claim. Among other things, Meyers contends that because he was not present at plaintiff's termination meeting he slips the knot in this case. Paragraphs 49-58 of the Complaint, however, fully detail Meyers' involvement, including his text message threat to Schultz stating that if she did not call him within the next 60 seconds she was going to receive a "very uncomfortable phone call from the commissioner [defendant Cameron].[1] See ¶58 of Complaint. Given the specificity of the Complaint it is not unreasonable to infer Meyers' involvement in Schultz's termination of employment. A court "must accept as true all of the factual allegations set out in plaintiff's

---

[1] It was defendant Cameron who actually fired Schultz nine days after the threatening text message from Meyers, and Schultz's complaint to two senior SCPD officials that Meyers was stealing time from the County. See ¶64 of Complaint.

complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally." Gregory v. Daly, 243 F.3d 687, 691 (2d Cir. 2001).

2)     Failure to State a claim under 42 U.S.C. §1983: Meyers next argues that Schultz did not plausibly allege that she engaged in constitutionally protected speech because her discussion with two senior level SCPD officers concerned who she should be taking orders from. This argument ignores paragraph 60 of the Complaint in its entirety: "During his[sic] meeting Schultz discussed Meyer's abusive leadership, and his campaigning for the former SCPD Commissioner, Sini, on SCPD time." (Emphasis added). Meyers also ignores paragraph 47-52's recitation of Meyer's misconduct regarding campaigning for DA Sini on County time. Schultz's speech on this issue was not "pursuant to her official duties." Indeed, Schultz's complaints about Meyer's theft of County time had nothing to do with her work as Director of Communications for the SCPD. It had everything to do with reporting the theft of County time by DA Sini's Chief of Staff, and was a matter of public concern.

3)     Failure to State a gender discrimination claim under 42 U.S.C. §1983: defendants all contend that plaintiff's claim is not sufficiently pleaded because she did not identify relevant comparators. This, despite the fact that the statute does not require the identification of comparators for purposes of establishing a prima facie case of gender discrimination. However, if the Court determines that Iqbal and its progeny require Schultz to do so she is prepared to name names. The SCPD is no stranger to allegations of gross misconduct and criminality within its ranks. For example, Bruce Blanco, a former SCPD cop, was charged with extortion and accepting a bribe from a contractor. Blanco pleaded guilty to attempted larceny (a misdemeanor), did not serve any jail time, was not fired, and now collects an annual pension of $89,402.

4)     Failure to state a claim for municipal liability: plaintiff addresses this point more fully below.

5)     Failure to state a claim for conspiracy under 42 U.S.C. §1985: Meyers argues that Schultz has failed to allege a plausible overt act sufficient to plead a claim for conspiracy, "such as conversations with Defendants Cohen or Cameron prior to her termination." This suggestion ignores paragraph 58 of the Complaint where it is alleged, and demonstrated in Meyer's text message to Schultz, that she would get a "very uncomfortable phone call from the commissioner [defendant Cameron]. To infer that nine days after this text message that Schultz was fired for her complaints is perfectly reasonable and plausible. Plaintiff respectfully submits that should the Court deem the allegations insufficient to make out a prima facie case she should be permitted to amend the Complaint.

In addition, Meyers contends that the "intra-corporate conspiracy doctrine" applies here. An exception to the intra-corporate conspiracy doctrine applies where a plaintiff "adequately alleges that each defendant possessed an independent, personal conspiratorial purpose," wholly separate and apart from the entity. Everson v. New York City Transit Auth., 216 F. Supp. 2d 71, 76 (E.D.N.Y. 2002) (citation omitted); see also Girard v. 94th St. and Fifth Ave. Corp., 530 F.2d 66, 71–72 (2d Cir. 1976). Conspiring with others to cover-up illegal activities is deemed a personal interest. Reich v. Lopez, 38 F. Supp. 3d 436, 465 (S.D.N.Y. 2014), aff'd, 858 F.3d 55

(2d Cir. 2017). Meyers' illegal activity of campaigning for DA Sini, and his theft of County time, and the subsequent attempts to cover it up are personal interests the individual defendants conspired to achieve. Lastly, any defect in plaintiff's Complaint can be amended to allege the "independent, personal conspiratorial purpose of the individual defendants.

      6)      <u>Waiver of claims under NYCSL §75-b</u>: the issue of the scope of the Section 740 waiver has been the subject of disparate decisions, and has not been definitively decided by either the Second Circuit or the New York Court of Appeals. <u>Barker v. Peconic Landing at Southold, Inc.</u>, 885 F. Supp. 2d 564, 568 (E.D.N.Y. 2012). In <u>Barker</u>, J. Wexler held the waiver argument advanced by defendant Meyers in this case (the "strict plain language approach) was "absurd." J. Wexler further noted that "the sufficiency of Plaintiff s claim is raised in the context of a motion to dismiss. Thus, the pleading, considered without reference to outside evidence, is required to state only a claim that is 'plausible on its face.'" <u>Id</u>. at p. 571.

**<u>Defendant Dennis Cohen</u>**

      1)      <u>Plaintiff's official capacity claims are redundant</u>: individual- and official-capacity suits are more than a mere pleading device; they are different causes of action. Individual-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law. <u>Kentucky v. Graham</u>, 473 U.S. 159, 165 (1985). As Cohen correctly points out, an official-capacity suit is to be treated as a suit against the municipality itself. Establishing liability in an individual-capacity suit is a victory against the individual defendant, but not the municipality that employs him. "Thus, while an award of damages against an official in his or her <u>individual capacity</u> can be executed only against the official's personal assets, a <u>plaintiff seeking to recover damages against an official in his or her official capacity must look to the government entity itself</u>." <u>Graham</u>, 473 U.S. at 166 (emphasis added).

      Another difference between individual- and official-capacity suits concerns affirmative defenses. Officials sued individually may assert personal immunity defenses such as qualified immunity. The defense of qualified immunity, however, is not available in an official-capacity action. Instead, the only immunities that can be asserted in an official-capacity action are those defenses that the governmental entity possesses, such as State immunity under the Eleventh Amendment. <u>Graham</u>, 473 U.S. at pp. 166-67.

      2)      <u>Cohen is entitled to qualified immunity</u>: this contention ignores the allegations in the Complaint, including, but not limited to plaintiff's First Amendment retaliation claim – which, by definition, is a "clearly established right of Plaintiff."

      3)      <u>First Amendment Retaliation</u>: for the same reasons that Meyers' argument, <u>supra</u>, should be rejected so too should Cohen's argument be rejected.

      To the extent that a defect may exist in spelling out Cohen's complicity in the retaliation and conspiracy, plaintiff requests the opportunity to amend the Complaint.

4) 14th Amendment gender discrimination: for the same reasons that Meyers' argument, supra, should be rejected so too should Cohen's argument be rejected.

5) Municipal Liability under 42 U.S.C. §1983: no response is necessary as this particular cause of action was not intended to reach the individual defendants.

6) Conspiracy under 42 U.S.C. §1985: for the same reasons that Meyers' argument, supra, should be rejected so too should Cohen's argument be rejected.

7) New York Civil Service Law §75-b: To the extent the Complaint was read by any individual defendant to be seeking damages against him in his individual capacity, this cause of action is withdrawn against the individual defendant.

8) New York Labor Law §740: for the same reasons that Meyers' argument, supra, should be rejected so too should Cohen's argument be rejected. Additionally, a Complaint should not be dismissed on the ground that a plaintiff failed to plead that the alleged violations created and presented "a substantial and specific danger to the public health or safety...." Webb-Weber v. Cmty. Action for Human Servs., Inc., 23 N.Y.3d 448, 454 (2014).


**Defendant County of Suffolk**

1) First Amendment retaliation: for the same reasons that Meyers' argument, supra, should be rejected so too should the County's argument be rejected.

2) 14th Amendment gender discrimination: for the same reasons that Meyers' argument, supra, should be rejected so too should the County's argument be rejected.

3) Municipal Liability under 42 U.S.C. §1983: the County's argument fails on this point if its first and second argument fail, which plaintiff respectfully submits will do so for the same reasons that Meyers' argument, supra, fails.

4) Conspiracy under 42 U.S.C. §1985: the County's argument fails on this point if its second argument fails, which plaintiff respectfully submits will do so for the same reasons that Meyers' argument, supra fails.

5) New York Civil Service Law §75-b and New York Labor Law §740: see response to Cohen's point No. 8, supra.

Please contact the undersigned if you have any questions concerning this submission, or require additional information.

Respectfully yours,

Brendan Chao

BC/aa

cc:     All Attorneys of Record     **VIA ECF**