UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
DONNA SCHULTZ

                            Plaintiff,

                  -against-

COUNTY OF SUFFOLK, JUSTIN S. MEYERS IN      **Docket No.:**
HIS OFFICIAL AND PERSONAL CAPACITY,         19-cv-00925-JMA-ARL
DENNIS COHEN IN HIS OFFICIAL AND
PERSONAL CAPACITY, AND STUART              **NOTICE OF RULE 12**
CAMERON IN HIS OFFICIAL AND PERSONAL     **MOTION TO DISMISS**
CAPACITY,

                        Defendants.
-----------------------------------------------------------------------X

PLEASE TAKE NOTICE that, upon the annexed Memorandum of Law, and upon all prior pleadings and proceedings herein, Defendant Stuart Cameron ("Cohen"), by his attorneys, the Law Offices of Brian J. Davis, PC, will move this Court before the Honorable Joan M. Azrack, United States District Judge, in the United States District Court for the Eastern District of New York, 100 Federal Plaza, Central Islip, New York 11722, at a time and on a date determined by the Court, for an Order:

1. Dismissing the Complaint against Cohen pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted;

2. For such other and further relief as the Court may deem just and proper.

Dated: Huntington, New York
         August 12, 2019

                                            Brian J. Davis, PC

                                    By: _____/s/_____
                                          Brian J. Davis, Esq. (BJD5694)
                                          Attorneys for Defendant Stuart Cameron
                                          400 Garden City Plaza Suite 430

Garden City, NY 11530
P: (516) 542-0249
F: (516) 542-0259
brianjdavisesq@aol.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on 12th day of August 2019, a true and correct copy of the foregoing

Notice of Rule 12 Motion to Dismiss was served by email on the following:

Brendan Chao, Esq.
Attorneys for Plaintiff
50 Merrick Road
Rockville Centre, NY 11570
516-466-2033

Debra L. Wabnik, Esq.
Stagg, Terenzi, Confusione & Wabnik, LLP
Attorneys for Defendant County of Suffolk
401 Franklin Avenue, Suite 300
Garden City, NY 11530
516-812-4500

Marc S. Wenger, Esq.
Jackson Lewis P.C.
Attorneys for Defendant Justin S. Meyers
58 South Service Road, Suite 250
Melville, NY 11747
(631) 247-0404

Mark A. Cuthbertson (MC 7751)
Matthew DeLuca (MD 4431)
Attorneys for Defendant Dennis Cohen
434 New York Avenue
Huntington, New York 11743
(631) 351-3501

/s/
Brian J. Davis, Esq.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
DONNA SCHULTZ

                                Plaintiff,

                    -against-                                  **Docket No.:**
                                                           19-cv-00925-JMA-ARL

COUNTY OF SUFFOLK, JUSTIN S. MEYERS IN
HIS OFFICIAL AND PERSONAL CAPACITY,      **DECLARATION OF**
DENNIS COHEN IN HIS OFFICIAL AND          **BRIAN J. DAVIS**
PERSONAL CAPACITY, AND STUART            **IN SUPPORT OF**
CAMERON IN HIS OFFICIAL AND PERSONAL  **<u>MOTION TO DISMISS</u>**
CAPACITY,

                                Defendants.
-------------------------------------------------------------------X

        Brian J. Davis, an attorney duly admitted to practice before this Court, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury as follows:

        1.     I am the attorney for Defendant Stuart Cameron ("Cameron"), individually in and his official capacity, and as such, I am fully familiar with the facts and circumstances of this case.

        2.     This declaration, and the accompanying memorandum of law, are respectfully submitted in support of Cameron's motion for an Order dismissing the Amended Complaint of Plaintiff Donna Schultz ("Plaintiff") in its entirety pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 12(b)(6), for failure to state a claim upon which relief can be granted, or alternatively, abstaining from exercising subject matter jurisdiction under FRCP Rule 12(b)(1) on the basis of qualified immunity, together with such other and further relief as this Court deems just, equitable and proper.

        3.     Furthermore, Cameron respectfully joins, and incorporates herein by reference, any additional grounds for dismissal raised by any co-defendants in this action, to the extent that

such grounds for dismissal are applicable and are not inconsistent with the arguments raised herein and in the accompanying memorandum of law.

4. Annexed hereto in support of this motion, please find the following exhibits:

- Exhibit A – Plaintiff's Termination Letter, dated March 15, 2018;
- Exhibit B – Plaintiff's Notice of Claim, dated June 1, 2018;
- Exhibit C – Plaintiff's Complaint, dated February 14, 2019 (Docket #1).

5. It is respectfully requested that, for the reasons more fully set forth below and in the accompanying memorandum of law, the Court consider as integral to the complaint, or alternatively take judicial notice of, Exhibits A through C.

6. It is well established that for purposes of a motion pursuant to FRCP Rule 12(b), "the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) (quoting *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir.1995) (*per curiam*)). In addition, pursuant to Rule 201 of the Federal Rules of Evidence, a court may take judicial notice of certain readily ascertainable facts whose accuracy cannot reasonably be questioned, including the contents of court and other public records. *Bejaoui v. City of New York*, 2015 WL 1529633, at *5 (E.D.N.Y. Mar. 31, 2015).

7. With respect to Exhibit A, Plaintiff's termination letter, this Court has held that where a plaintiff is alleging that she was the victim of a retaliatory termination, and specifically mentions and relies upon the termination letter in her complaint, it renders the document integral to the complaint. *See Amaya v. Ballyshear LLC*, 295 F. Supp. 3d 204, 217 (E.D.N.Y. 2018).

8. Here, Plaintiff alleges that she was terminated in retaliation for exercising her First Amendment rights, i.e. reporting misconduct by Defendant Justin Meyers ("Meyers"). Am.

Compl. ¶¶ 86-87. In addition, the Amended Complaint explicitly states that Plaintiff was terminated by Cameron and references the termination letter. Am. Compl. ¶ 68. As such, this letter is integral to the Complaint.

9. Similarly, with respect to Exhibit B, Plaintiff's Notice of Claim, this Court has held that where the plaintiff explicitly refers to the notice of claim, it is incorporated by reference and can be deemed part of the pleading. *See Weaver v. City of New York*, 2014 WL 950041, at *4 (E.D.N.Y. Mar. 11, 2014).

10. Here, Plaintiff not only explicitly refers to the Notice of Claim, but states that it is a "duly filed... verified Notice of Claim setting forth the time when, and the places where the incident occurred, which is the subject of the lawsuit, the nature and extent of the injurie and damages sustained, and the amount claimed." Am. Compl. ¶ 14. As such, the Notice of Claim should clearly be deemed a part of the pleading.

11. Finally, with respect to Exhibit C, Plaintiff's original Complaint, there is a long-standing principle that a party cannot "erase" admissions in a pleading by omitting them from a subsequent pleading, or "advance one version of the facts in its pleadings, conclude that its interests would be better served by a different version, and amend its pleadings to incorporate that version...." *Austin v. Ford Models, Inc.*, 149 F.3d 148 (2d Cir. 1998) (abrogated on other grounds by *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002)) ("erasing" admissions); *United States v. McKeon*, 738 F.2d 26, 31 (2d Cir. 1984) (advancing different versions of the facts).

12. As such, Cameron respectfully requests that the Court take notice of certain portions of Plaintiff's original Complaint, each of which is specifically identified in the accompanying memorandum of law, as judicial admissions by Plaintiff that directly contradict key elements of Plaintiff's Amended Complaint.

WHEREFORE, it is respectfully requested that Defendant's motion to dismiss be granted in its entirety, and the Amended Complaint be dismissed against Cameron, and that the Court grant such other and further relief as it deems just and proper.

Dated: Garden City, New York
       August 12, 2019

                                              /s/
                                   Brian J. Davis, Esq.