UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
DONNA SCHULTZ

                                          Plaintiff,

                              -against-

| | |
|---|---|
| COUNTY OF SUFFOLK, JUSTIN S. MEYERS IN HIS OFFICIAL AND PERSONAL CAPACITY, DENNIS COHEN IN HIS OFFICIAL AND PERSONAL CAPACITY, AND STUART CAMERON IN HIS OFFICIAL AND PERSONAL CAPACITY, | **Docket No.:** 19-cv-00925-JMA-ARL |

                                        Defendants.
-----------------------------------------------------------------------X

**DEFENDANT, STUART CAMERON'S, REPLY MEMORANDUM OF LAW**

      Defendant Cameron submits this Reply Memorandum in response to the opposition filed by the Plaintiff. Cameron joins with the arguments of the other Defendants and their submissions. In particular, Cameron addresses the opposition on the Plaintiff's First Amendment retaliation claim. It is Cameron's position that between the filing of the Complaint and the Amended Complaint that the Plaintiff has tried to finesse her rendition of the facts so as to avoid the Defendants' arguments that this was really a personal complaint about the way she was treated by Myers. The Amended Complaint is an attempt to move away from the original allegations, which were personal, and to allegations that try to create "constitutionally protected speech" which now emphasizes Myers work on the Sini campaign. The change in emphasis is obvious.

      ¶¶ 54-58 of the Complaint allege an employment incident between Myers and Plaintiff, where Myers threatened Plaintiff with consequences if she did not follow his orders.

¶¶ 59-60 of the Complaint detail the meeting that Plaintiff had with two senior police officers concerning "Myers leadership style, and she needed instructions on who she should be taking orders from." During the meeting she mentioned his abusive leadership style and the fact the Meyers had campaigned for Sini on departmental time.

Clearly, this meeting was held, not because Plaintiff desired to expose Myers campaigning on "company time" but, rather, to voice her personal problems with Myers. Obviously, Plaintiff did not like the way Myers had ordered her to either put the news of the arrest on social media or face a disciplinary call from the commissioner.

In the amended complaint, ¶¶ 53-57, the Plaintiff "finesses" these same allegations, now putting the emphasis of the meeting on Myers campaigning for Sini, as if it had nothing to do with the abusive and threatening tone of his texts to her. Nothing is mentioned about her need to determine who she takes orders from. The reason for the amended language is clear; the complaint about who could give her orders and Myers' abusive texts, do not assist her in her First Amendment claim that she brought. For her claim to survive, she had to change the alleged emphasis of the meeting from her personal concerns of employee management to the allegations concerning Myers.

As emphasized in the Memorandums of Law of the Defendants, Plaintiff is bound by her allegations in her Complaint; the Amended Complaint does not make them disappear. Common sense leads to the essential question, if she was so concerned about Myers campaigning, why not "blow the whistle" earlier, when he was actually campaigning. Why wait until she had a clearly personal problem with him to request and have a meeting with senior offices. The allegations in the Complaint clearly are closer to the truth, and it can be reasonably concluded that Plaintiff's main purpose in speaking with the senior officers was personal more than anything else.

Plaintiff is seeking to put her case within the ambit of *Connick v. Myers,* 461 U. S. 138 (1983) and *Jackler v. Byrne,* 658 F. 3d 225 (2d Cir. 2011). In *Jackler, id.* the Plaintiff was threatened with termination if he did not file a false report to protect another police office. There, the only issue concerned an overriding public goal of reporting a clear case of misconduct and corruption. There was nothing personal about Jackler's complaint, other than the fact the Plaintiff sought reinstatement to his job and money damages.

In this case, Plaintiff falls short of pleading her case as protected by the First Amendment. Her purpose in meeting with the senior police officials was personally driven, hence, her statements complaining of Myers were purely of a personal nature, with the campaigning as a secondary, "payback" to tell on Myers who she didn't like the way he communicated with her.

Based on the Plaintiff's own pleadings, the Amended Complaint should be dismissed as they do not raise a claim of retaliation for constitutionally protected speech.

Dated: October 11, 2019
      Garden City, New York

Respectfully Submitted,

/Brian J. Davis/_____
Attorneys for Defendant Stuart Cameron
400 Garden City Plaza
Suite 430
Garden City, NY 11530
P: (516) 542-0249
F: (516) 542-0259
brianjdavisesq@aol.com