UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DONNA SCHULTZ,

      Plaintiff,

-against-

COUNTY OF SUFFOLK, JUSTIN S.
MEYERS IN HIS OFFICIAL AND
PERSONAL CAPACITY, DENNIS COHEN
IN HIS OFFICIAL AND PERSONAL
CAPACITY, AND STUART CAMERON IN
HIS OFFICIAL AND PERSONAL
CAPACITY,

      Defendants.
------------------------------------------------------------X

Case No: 19-cv-00925-JMA-ARL

## DEFENDANT JUSTIN S. MEYERS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

              JACKSON LEWIS P.C.
              *ATTORNEYS FOR DEFENDANT*
              *JUSTIN S. MEYERS*
              58 South Service Road, Suite 250
              Melville, New York 11747
              (631) 247-0404

Attorneys of Record:
  Marc S. Wenger, Esq.
  Fatima M. Guillen-Walsh, Esq.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................ii

PRELIMINARY STATEMENT ............................................................................................1

ARGUMENT............................................................................................................................2

I.     PLAINTIFF'S OPPOSITION FAILS TO IDENTIFY ANY FACTUAL ALLEGATIONS IN THE AMENDED COMPLAINT THAT PLAUSIBLY SUPPORT HER CLAIM FOR GENDER DISCRIMINATION.....................................2

II.    PLAINTIFF'S OPPOSITION FAILS TO IDENTIFY ANY FACTUAL ALLEGATIONS IN THE AMENDED COMPLAINT THAT PLAUSIBLY SUPPORT HER FIRST AMENDMENT RETALIATION CLAIM................................5

     A.     Plaintiff Did Not Speak As a Citizen on a Matter of Public Concern ...................5

     B.     Temporal Proximity Alone Is Insufficient to Show that Plaintiff's Alleged Protected Speech Caused Her Discharge .................................................9

     C.     Plaintiff Has Failed to Refute Defendant Meyers' Assertion that He Is Entitled to Qualified Immunity .....................................................................11

III.   PLAINTIFF'S ABANDONED CLAIMS SHOULD BE DISMISSED WITH PREJUDICE ...............................................................................................................13

     A.     Plaintiff's Explicitly Abandoned Claims Should Be Dismissed with Prejudice ..........................................................................................................13

     B.     Plaintiff's Claim for Prima Facie Tort Should Be Deemed Abandoned and Dismissed with Prejudice ............................................................14

CONCLUSION.......................................................................................................................15

# TABLE OF AUTHORITIES

**CASES**   Page(s)

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ................................................................................................6, 7

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ...................................................................................................7

*Cox v. Warwick Valley CSD*,
   654 F.3d 267 (2d Cir. 2011) .......................................................................................5

*Graham v. Long Island R.R.*,
   230 F.3d 34 (2d Cir. 2000) .........................................................................................4

*Huth v. Haslun*,
   598 F.3d 70 (2d Cir. 2010) ..................................................................................... 7-9

*Jackler v. Byrne*,
   658 F.3d 225 (2d Cir. 2011) ...................................................................................6, 11

*Lane v. Franks*,
   573 U.S. 228 (2014) ...................................................................................................7

*Levy v. Maggiore*,
   48 F. Supp. 3d 428 (E.D.N.Y. 2014) .........................................................................14

*Matthews v. City of New York*,
   779 F.3d 167 (2d Cir. 2015) .......................................................................................7

*Morris v. Lindau*,
   196 F.3d 102 (2d Cir. 1999) ..................................................................................2, 10

*Munoz-Feliciano v. Monroe-Woodbury Cent. Sch. Dist.*,
   No. 13-CV-4340 (CS), 2015 U.S. Dist. LEXIS 38696 (S.D.N.Y. Mar. 25,
   2015), *aff'd*, 637 Fed. App'x 16 (2d Cir. 2016) .................................................. 10-11

*Skehan v. Village of Mamaroneck*,
   465 F.3d 96 (2d Cir. 2006), *abrogated on other grounds by Appel v. Spiridon*,
   531 F.3d 138 (2d Cir. 2008) .................................................................................11-13

*United States v. McKeon*,
   738 F.3d 26 (2d Cir. 1984) .........................................................................................9

*Weintraub v. Bd. of Educ.*,
   593 F.3d 196 (2d Cir. 2010) ....................................................................................6, 8

**STATUTES & OTHER AUTHORITIES**

42 U.S.C. § 1985(3) .......................................................................................... 13-14

New York Labor Law § 740 .............................................................................. 13-14

Civil Service Law § 75-b .................................................................................. 13-14

Fed. R. Civ. Pro. 12(b)(6) ........................................................................................4

## PRELIMINARY STATEMENT

Similar to her Amended Complaint, Plaintiff's Opposition to Defendant Meyers' Motion to Dismiss is based entirely on inferences and speculation. Quite simply, both fail the *Iqbal* test, relying on inferences when, instead, she should have presented a factual basis to show these inferences are plausible. Plaintiff undoubtedly fails to do so because she does not have viable claims.

While Plaintiff now abandons some, but not all, of her claims against Meyers, she should have abandoned all of her claims long ago, as they are patently meritless. As is apparent from the Amended Complaint and the Opposition, Meyers had no involvement with Plaintiff's employment or her termination following his departure from the Suffolk County Police Department ("SCPD") to take a position as Chief of Staff for the Suffolk County District Attorney. In a fruitless attempt to connect her purported protected speech with her discharge and salvage her First Amendment retaliation claim, Plaintiff alleges only imaginary meetings and conversations between Meyers and the other individual Defendants with no factual basis other than her own "information and belief." Plaintiff's gender discrimination claim fails for similar reasons, and also because Plaintiff does not (and cannot) refute the fact that Meyers lacks the discriminatory animus needed to prove such a claim because he hired her.

Plaintiff's repeated refrain when faced with the deficiencies in her pleading is to simply fill the gaps with inferences. In doing so, she overlooks one key detail: inferences need a factual basis to be reasonable, and she provides none. Plaintiff has no personal knowledge or other factual foundation for the conclusions she asks the Court to draw. For example, it is reasonable to *infer* that Meyers did not discharge Plaintiff because of her gender from the *fact* that he hired her. It is reasonable to *infer* that Meyers did not terminate Plaintiff's employment from the *fact* that he was no longer working at the SCPD at the time. It is *not* reasonable to infer that Meyers retaliated

against Plaintiff when there are *no facts* indicating that he even knew about a purported comment she allegedly made to two police officers.

If Meyers were to respond in kind to Plaintiff's baseless speculation, he would assert that Plaintiff's claims are nothing more than a venal attempt by a disgruntled and undeserving former employee to tarnish the reputation of a public official and extort a settlement. Of course, like Plaintiff's claims, such a response by Meyers would be mere speculation. However, there is one difference—such an assertion by Meyers is true, unlike Plaintiff's claims. Ultimately, the Court need not concern itself with either party's speculation, as the Amended Complaint fails to state a claim and should be dismissed with prejudice.

## ARGUMENT

### I. PLAINTIFF'S OPPOSITION FAILS TO IDENTIFY ANY FACTUAL ALLEGATIONS IN THE AMENDED COMPLAINT THAT PLAUSIBLY SUPPORT HER CLAIM FOR GENDER DISCRIMINATION.

Plaintiff's Opposition to Defendant Meyers' Motion to Dismiss her gender discrimination claim continues the pattern set in her Amended Complaint of making speculative allegations with no factual basis and conclusorily deeming them "plausible." *See* Pl.'s Opp. at 19. This strategy cannot succeed, however, as the undisputed fact that ***Meyers hired Plaintiff*** defeats any possible inference of gender discrimination. Indeed, Plaintiff completely fails to address this point in response to Defendant's Motion. *Compare* Meyers' Mem. at 6-9 *and* Pl's Opp. 19-22. This fact alone warrants dismissal of this claim against Meyers.

Plaintiff similarly fails to refute Meyers' assertion that Plaintiff did not sufficiently allege any facts linking Meyers to her termination—a requirement to avoid dismissal. *See, e.g.*, *Morris v. Lindau*, 196 F.3d 102, 111 (2d Cir. 1999) ("Plaintiff[] . . . must offer instead some tangible proof to demonstrate that [her] version of what occurred was not imaginary.") Other than

2

her *imaginary*, "upon information and belief" allegations, Plaintiff fails to plead that Meyers had any authority over decisions impacting Plaintiff's employment, nor does she provide any factual basis for her conclusion that Meyers knew of her alleged complaint about him to two police officers. In fact, the only factual allegation Plaintiff offers to explain Meyers' purported desire to terminate her employment, though untrue, is that Plaintiff refused Meyers' request to post a message about a recent arrest warrant on SCPD's social media page. Am. Compl. ¶¶ 48-49. Therefore, even if Meyers ordered Plaintiff's termination (which he did not), the only factual allegations in the Amended Complaint suggest that his reason was non-discriminatory.

Lacking any factual allegations indicating that Meyers suddenly developed some animus toward Plaintiff's gender, Plaintiff falls back on the same tactic she uses in response to each of Defendants' attacks on the plausibility of the Amended Complaint: simply draw inferences. Thus, she would infer that, even though Meyers was instrumental in hiring her, and even though he no longer worked for the SCPD, he somehow decided to pull some imaginary strings and get her fired because of her gender. She asks the Court to draw these inferences from the mere fact that a number of male police officers engaged in purported improper or criminal conduct and were not discharged. Pl.'s Opp. at 20-21. Challenged by Defendant's Motion to explain how she and these male officers are similarly situated, Plaintiff simply could not do so.

First, this comparison is based on the false premise that Meyers claimed to have terminated Plaintiff's employment because she pled guilty to a misdemeanor. Pl.'s Opp. at 19. Meyers did no such thing. He was not involved in her termination, nor does the Amended Complaint provide any factual basis to suggest otherwise. Plaintiff cannot compare how Meyers purportedly treated other employees because she has not even asserted a plausible factual basis for her allegation as to how he treated her.

3

In addition, the attempted comparison is utterly inapt. Plaintiff does not allege that Meyers supervised these so-called "comparators" or that he had any control over the disciplinary decisions about them. *See Graham v. Long Island R.R.*, 230 F.3d 34, 39 n.1 (2d Cir. 2000) ("[T]he individuals with whom the plaintiff seeks to compare his/her treatment must have dealt with the same supervisor, have been subject to the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it." (internal quotations and citations omitted)).

Plaintiff bears the burden to prove that she is similarly situated to the employees she alleges received more favorable treatment, but she fails to do so. *See id.* ("A plaintiff may raise such an inference by showing that the employer subjected [her] to disparate treatment, that is, treated [her] less favorably than a similarly situated employee outside [her] protected group." (citations omitted)). Plaintiff does not make any allegations that meet this burden. She does not allege that she and the named individuals had the same supervisor, similar job duties, were held to the same standards, or that those responsible for her disciplinary decisions were the same individuals responsible for the disciplinary decisions regarding the named police officers. Asking the Court to draw an inference that "any police department employee is held to the same standard of lawful conduct" seeks an inferential leap not countenanced by Rule 12(b)(6). *See* Pl.'s Opp. at 21.[1] More importantly, her complete failure to connect Meyers to any of the decisions as to the male officers renders this comparison meaningless.

---

[1]  Plaintiff actually contradicts her argument that she and the police officers are similarly situated by alleging that "if anything, police officers are held to a higher standard." Pl.'s Opp. at 21. In so doing, she concedes that different standards apply to different SCPD employees. She simply fails to provide a factual basis for the standards underlying the comparison she seeks to make.

4

As Plaintiff neither defeats the presumption against Meyers' discriminatory animus, nor does she adequately demonstrate she suffered disparate treatment compared to anyone who could be similarly situated to her, her gender discrimination claim must fail, and her Amended Complaint alleging such a claim must be dismissed (and should be dismissed with prejudice).

## II. PLAINTIFF'S OPPOSITION FAILS TO IDENTIFY ANY FACTUAL ALLEGATIONS IN THE AMENDED COMPLAINT THAT PLAUSIBLY SUPPORT HER FIRST AMENDMENT RETALIATION CLAIM.

Plaintiff continues her pattern of speculative and conclusory allegations in her fruitless effort to show a causal connection between her alleged protected speech, an internal "report" to two police officers, and Meyers' alleged involvement in her termination. While the First Amendment protects employees who speak as citizens on matters of public concern, Plaintiff must do more than conclusorily assert that she spoke as a citizen on a matter of public concern and that Meyers somehow learned about her comments, contacted his former colleagues, and arranged for her discharge. Instead, to avoid dismissal, Plaintiff must demonstrate a plausible factual basis for such conclusions—which she does not and cannot do in the instant matter. *See Cox v. Warwick Valley CSD,* 654 F.3d 267, 272 (2d Cir. 2011).

### A. Plaintiff Did Not Speak As a Citizen on a Matter of Public Concern.

Under no circumstances could Plaintiff's alleged comments about Meyers to two police officers be interpreted as a matter of public concern. It is apparent from the pleadings that Plaintiff met with the officers to air an internal grievance following the incident over the social media post. In reaction to Defendant's Motion, Plaintiff now attempts to dress up this interpersonal conflict as the "exposure of official misconduct." Pl. Opp. at 6. Nothing in her pleadings supports this conclusion. Moreover, her allegations bear no resemblance to the allegations contained in the cases cited in Plaintiff's Opposition.

5

For example, Plaintiff improperly attempts to analogize the instant matter to *Jackler v. Byrne*, 658 F.3d 225 (2d Cir. 2011). *See* Pl.'s Opp. at 6, 10. In doing so, Plaintiff ignores the unique facts present in *Jackler* that led to the Second Circuit's conclusion that the officer-plaintiff had a plausible basis for his First Amendment retaliation claim. In *Jackler*, the "official misconduct" that the plaintiff reported involved excessive force during an arrest. *Id.*, 658 F.3d at 236. The protected speech in issue was not even the report itself, but rather, the fact that the officer-plaintiff refused to retract his report and make false statements regarding the incident. Any theoretical public interest in Plaintiff's alleged comments pales in comparison to the public interest at issue in *Jackler*.

Instead, Plaintiff's allegations more closely resemble the allegations in *Weintraub v. Bd. of Educ.*, 593 F.3d 196 (2d Cir. 2010). In *Weintraub*, the Second Circuit concluded that the teacher-plaintiff's complaints regarding classroom disorder related to his job duties and, therefore, did not qualify as protected speech under the First Amendment. *See id.* at 198 (holding that there was "no relevant analogue to citizen speech"). As explained by the Court in *Jackler*, the *Weintraub* plaintiff "would have had a relevant civilian analogue if, instead of lodging [the complaints] with his union, he had voic[ed] his grievance ***through channels available to citizens generally***." *Jackler*, 658 F.3d at 237-38 (emphasis added).

Like the plaintiff in *Weintraub*, Plaintiff alleges she made an internal grievance because "she needed guidance on who she should be taking orders from." Pl.'s Opp. at 10 (citing Compl. ¶ 59).[2] If anything, this allegation merely demonstrates that Plaintiff was seeking advice

---

[2] While Plaintiff removed this allegation from her original Complaint, she does not explain why she did so, nor does she claim that the allegation was inaccurate. Thus, for purposes of this motion, the Court must presume that Plaintiff's allegation regarding the purpose of her meeting is true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).

6

from two individuals with some authority over the conditions of Plaintiff's employment. *See id.* Plaintiff does not plead any plausible facts to suggest that the alleged conversation was an attempt to address a civil rights violation or to expose corruption. For instance, Plaintiff does not allege she submitted sworn testimony, like the *Lane* case,³ or that she made a complaint to a public governmental body available to all citizens, like the *Matthews* case.⁴ Plaintiff does not explain why she spoke to those two officers in particular, or what their authority or roles were in handling complaints. Nor does Plaintiff explain what was discussed during the meeting, other than Meyers' timekeeping and alleged use of staff to perform personal errands. She does not state, for example, what rules or regulations purportedly governed this conduct, how often this conduct occurred, who other than Meyers was involved, or any other facts to enable a fact-finder to determine whether this comment involved a public concern beyond a ***"sheer possibility."*** *See Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (emphasis added). Most importantly, she fails to state what the officers did with this information, whether there were any follow up discussions, or what the outcome was. Indeed, she offers no facts to distinguish this meeting from a disgruntled employee simply venting about a work-related incident.

Plaintiff's attempt to avoid the impact of the analysis in *Huth v. Haslun*, 598 F.3d 70, 73-74 (2d Cir. 2010), cited by Defendants, is similarly unavailing. Plaintiff makes a blanket

---

³ Unlike the instant case, in *Lane v. Franks*, 573 U.S. 228 (2014), the speech in issue involved sworn testimony. The Court concluded that sworn testimony is "a quintessential example of speech as a citizen for a simple reason: Anyone who testifies in court bears an obligation, to the court and society at large, to tell the truth." *See id.* at 238-39. Because the Court determined that the speech was "citizen" speech, it then looked to whether the speech fell within the plaintiff's normal job duties. *See id.* at 244 ("there was no evidence that [he] gave deposition testimony for any reason other than in compliance with a subpoena to testify truthfully in the civil suit regarding the . . . accident." (internal quotations and citations omitted)).

⁴ In *Matthews v. City of New York*, 779 F.3d 167 (2d Cir. 2015), the plaintiff chose a "path that was available to ordinary citizens who are regularly provided the opportunity to raise issues with the Precinct commanders." *Id.* at 175-76 ("[A]n indicium that speech by a public employee has a civilian analogue is that the employee's speech was to an independent state agency responsible for entertaining complaints by any citizen in a democratic society regardless of his status as a public employee." (internal quotations and citations omitted)).

7

statement that she is unaware of cases holding that "whistleblowing about co-worker misconduct cannot constitute speech on a matter of public concern." Pl.'s Opp. at 9. Plaintiff completely misses the point of the *Huth* analysis. Defendants do not argue that co-worker misconduct cannot ever constitute speech on a matter of public concern, but instead, that the ***alleged speech made by Plaintiff is not a matter of public concern***. Contrary to Plaintiff's assertions, whether she spoke pursuant to her official duties is a ***key part*** of the Court's determination as to whether the speech is protected. The Second Circuit in *Huth* explained that:

> Whether speech by a public employee is protected from retaliation under the First Amendment **begins** with this question: whether the employee spoke as a citizen on a matter of public concern. If a public employee speaks not as a citizen but instead pursuant to his or her official duties, an employer's response to that speech does not violate the First Amendment. We recently held in *Weintraub v. Board of Education* that speech can be pursuant to a public employee's official job duties even though it was not required by, or included in, the employee's job description, or in response to a request by the employer. We also held that the public employee in that case spoke pursuant to his official duties because his speech was part-and-parcel of his concerns about his ability to properly execute his duties as a public school teacher.

*Huth v. Haslun*, 598 F.3d 70, 73-74 (2d Cir. 2010) (internal quotations and citations omitted) (emphasis added). The Court noted that both factors are pertinent to the analysis of whether a public employee's speech is protected. *See id.* In *Huth*, the plaintiff passed along concerns regarding the actions of other employees to the head of plaintiff's division. The Court found that it "had no difficulty concluding that such speech was not made as a 'citizen' but, rather, pursuant to [plaintiff]'s official duties. . . ." *See id.* at 74 ("As a result, [plaintiff's] claim that defendants retaliated against her for voicing concerns about the conduct of coworkers is without merit.").

Plaintiff Schultz can fare no better than the plaintiff in *Huth*. She was not speaking as a citizen. This is evident by the language in her original complaint—which Plaintiff does not

8

and cannot dispute—that she met with the officers to obtain guidance regarding her employment. *See* Compl. ¶ 59. In fact, since Plaintiff did not address her comments to the head of a department or a person with authority to act on her comments, her speech is even less protected than the speech in *Huth*.

Plaintiff cannot avoid inconvenient truths by simply deleting them (*i.e.*, her attempted deletion of her allegation that "she needed guidance on who she should be taking orders from."). Pl.'s Opp. at 10. Plaintiff does nothing to explain her basis for the deletion, and instead attempts to divert the Court's attention from the deletion by claiming that there is no inconsistency between this allegation and her Amended Complaint, which is simply false. Despite Plaintiff's assertion, the Second Circuit Court did not restrict consideration of inconsistent pleadings to cross-examination. *See id.* at 11.

Contrary to Plaintiff's Opposition, the Court in *United States v. McKeon*, 738 F.3d 26 (2d Cir. 1984), explained: "When a pleading is amended or withdrawn, . . . it still remains a statement once seriously made by an authorized agent, and as such it is competent evidence of the facts stated . . . ." *McKeon*, 738 F.3d at 31 (internal quotations and citations omitted). Defendants did not "leave out" any part of the analysis—Plaintiff simply misreads the analysis. Essentially, the Court is entitled to, and should, consider Plaintiff's original allegation. *See id.*

Therefore, Plaintiff's allegations are not sufficient to demonstrate that she spoke as a citizen on a matter of public concern and her First Amendment retaliation claim must be dismissed (and should be dismissed with prejudice).

B. **Temporal Proximity Alone Is Insufficient to Show that Plaintiff's Alleged Protected Speech Caused Her Discharge.**

Contrary to Plaintiff's allegations and arguments in her Opposition, the Amended Complaint does not plausibly allege that Meyers was responsible for Plaintiff's termination. As

9

Plaintiff indicates, "[t]he plaintiff must . . . establish the defendant was personally involved in the plaintiff's discharge." Pl.'s Opp. at 14. Plaintiff's Amended Complaint does not meet this standard. Plaintiff needs more than speculative allegations that Meyers was both aware of the speech and personally involved in her discharge. *See Morris*, 196 F.3d at 111. Plaintiff has failed to meet this burden.

The allegations in Plaintiff's Amended Complaint regarding Meyers' involvement in her discharge can be viewed only as pure fiction. In her Opposition, Plaintiff merely recites the same conclusory and speculative allegations that led the Court to grant Defendants' request to file a motion to dismiss. *See* Opp. at 14. Plaintiff's bald assertion that the allegations "are sufficiently detailed to link each individual defendant to Plaintiff's termination" is false. *See id.*

For instance, Plaintiff does not assert that the officers followed up with Plaintiff regarding her alleged report, nor does she allege that the officers told Meyers— at the time a non-SCPD employee—about the speech. She offers no factual foundation indicating that she has personal knowledge supporting her conclusory allegations. Like the plaintiff in *Morris*, Plaintiff fails to establish causation between her alleged protected speech and her discharge, as there is no factual basis for Plaintiff's speculative assertion that Meyers was somehow aware of Plaintiff's comments to the officers. He was not, and Plaintiff does not sufficiently allege otherwise. *Morris*, 196 F.3d at 113.

Lacking any factual foundation for her claim against Meyers, Plaintiff repeatedly asks the Court to draw baseless inferences, and simply relies on temporal proximity to sustain her claim that Meyers played a role in her termination. However, ***temporal proximity alone is not enough*** to demonstrate a causal connection between her alleged protected speech and her termination from employment, particularly where there is no allegation indicating that Meyers was

even aware of the protected speech. *See Munoz-Feliciano v. Monroe-Woodbury Cent. Sch. Dist.*, No. 13-CV-4340 (CS), 2015 U.S. Dist. LEXIS 38696, *42 (S.D.N.Y. Mar. 25, 2015) (granting motion to dismiss plaintiff's First Amendment retaliation claims with prejudice, finding that "even if Plaintiff could show close temporal proximity between her relevant speech and any . . . disciplinary decisions, Plaintiff still does not point to facts that could lead to a plausible inference that any of the . . . employees who dealt with, or were responsible for, those decisions . . . were aware of Plaintiff's relevant speech."), *aff'd*, 637 Fed. App'x 16 (2d Cir. 2016).

Plaintiff cannot rely on temporal proximity to demonstrate the missing causation element necessary to avoid dismissal. Therefore, her First Amendment retaliation must be dismissed (and should be dismissed with prejudice).

C. **Plaintiff Has Failed to Refute Defendant Meyers' Assertion that He Is Entitled to Qualified Immunity.**

Though the Court should not reach the question of qualified immunity since Plaintiff does not sufficiently allege a basis for a First Amendment retaliation claim, Defendant Meyers is nonetheless entitled to this defense.

In order to defeat Meyers' argument that he is entitled to qualified immunity, Plaintiff must show that Meyers' actions were "in violation of clearly established law or [were] plainly incompetent." *See Jackler*, 658 F.3d at 243. Nowhere in Plaintiff's Amended Complaint does she allege that Meyers' purported actions, even if true (though they are not), were in violation of a clearly established law. *See id.*; *see also Skehan v. Vill. of Mamaroneck*, 465 F.3d 96, 107 (2d Cir. 2006), *abrogated on other grounds by Appel v. Spiridon*, 531 F.3d 138 (2d Cir. 2008) ("If those facts would constitute a deprivation, the court should grant qualified immunity if (1) the legal right said to be violated was not clearly established at the time of defendant's conduct; or (2)

the defendant's action was objectively reasonable in light of the clearly established legal rules then in effect.").

Plaintiff's response to this prong of Meyers' Motion is to suggest that the question is better addressed at the summary judgment stage and to conclusorily assert that disputed issues of fact prevent dismissal on this basis. Plaintiff is wrong on both counts. There are no disputed issues of fact because Plaintiff offers no facts, just conclusions wrapped in inferences. The absence of facts is precisely the reason to grant dismissal now and not to subject the parties to discovery and further motion practice only to find out what is apparent from the Amended Complaint: Meyers knew nothing about Plaintiff's alleged comments and had nothing to do with her discharge.

The Amended Complaint is so devoid of facts as to Meyers' role that it is impossible to determine what he might have understood about Plaintiff's constitutional rights. For example, Plaintiff fails to allege what Meyers knew about her comments to the officers or how he supposedly learned about them. Her allegations reveal no basis to determine whether Meyers knew that she spoke on a matter of public concern so that he would have had a clear understanding of her constitutional rights.

The allegations asserted in Plaintiff's Amended Complaint are also distinguishable from the authority Plaintiff cites. Plaintiff points to one line from *Skehan v. Village of Mamaroneck*, 465 F.3d 96 (2d Cir. 2006), where an individual defendant was not entitled to qualified immunity, but ignores the fact that the defendant in *Skehan* knew of and did not contest that the plaintiff's speech was a matter of public concern—unlike this matter. In *Skehan*, the defendant was not entitled to qualified immunity because the plaintiff's speech was indisputably protected and, thus, his constitutional rights were clearly established. Moreover, there were disputed issues of fact as to whether the defendant's actions were objectively reasonable. *Skehan*,

465 F.3d at 106-07. In its analysis, the Court found that the *Skehan* plaintiff's constitutional rights had been clearly established by the time of the alleged retaliation, and that "no reasonable officer could hold a contrary belief," thereby defeating entitlement to qualified immunity. *See id.* at 107. Unlike the *Skehan* plaintiff, Plaintiff utterly fails to plead facts indicating that Meyers engaged in any violation of law. On its face and ***even though false***, Plaintiff's allegation that Meyers was campaigning during county time or that department employees ran errands for Meyers, does not allege a violation of law. Am. Compl. ¶ 54. Accordingly, Plaintiff's rights were not clearly established.

Therefore, while this Court should not even consider a qualified immunity defense, Meyers is entitled to such a defense as his actions could not possibly be interpreted to have violated clearly established law. Because Meyers is entitled to qualified immunity, Plaintiff's constitutional claims must be dismissed (and should be dismissed with prejudice).

## III. PLAINTIFF'S ABANDONED CLAIMS SHOULD BE DISMISSED WITH PREJUDICE

### A. Plaintiff's Explicitly Abandoned Claims Should Be Dismissed with Prejudice.

In her Opposition, Plaintiff abandons some of her claims against Meyers, though the need to do so was apparent at the pre-motion conference, which would have spared this Court and Defendants considerable time and resources. As a result, these claims against Meyers should be dismissed with prejudice. *See* Pl.'s Opp. at 1 ("Plaintiff is abandoning the following claims: Conspiracy in violation of 42 U.S.C. § 1985(3) . . . , and the private employee whistleblower claim under Labor Law § 740); *see also id.* at 25 ("as against the individual Defendants, Plaintiff pleads First Amendment retaliation and gender discrimination claims under the Equal Protection Clause. As against the County, Plaintiff pleads a public employee whistleblower claim under the Civil Service Law.")

13

Therefore, Meyers respectfully requests that the Court dismiss Plaintiff's claims against Meyers under 42 U.S.C. § 1985(3), Labor Law § 740, and Civil Service Law § 75-b with prejudice.

### B. Plaintiff's Claim for *Prima Facie* Tort Should Be Deemed Abandoned and Dismissed with Prejudice.

It is unclear from both Plaintiff's Amended Complaint and Opposition whether Plaintiff purports to assert a claim for *prima facie* tort against Meyers (or any Defendant).[5] To the extent Plaintiff continues to assert such a baseless claim, Plaintiff's claim should be dismissed, as she not only failed to obtain the Court's permission to assert such a claim, but also fails to address the points raised in Meyers' Motion. *Compare* Meyers' Mem. at 22-25 *and* Pl.'s Opp. at 24-25. Therefore, Plaintiff has waived any argument she asserts against Meyers for a claim of *prima facie* tort. *See, e.g., Levy v. Maggiore*, 48 F. Supp. 3d 428, 452 (E.D.N.Y. 2014) ("Plaintiff does not respond to this argument and the Court therefore construes Plaintiff's failure to respond as an abandonment of this claim." (citations omitted)).

To the extent Plaintiff asks the Court to draw yet another inference that she intends to bring the *prima facie* tort claim against Meyers, her claim still fails. Plaintiff has not identified any allegations of fact indicating that Meyers' sole motive was "disinterested malevolence," which is necessary to avoid dismissal. *See* Meyers' Mem. at 23-24.

Thus, Meyers respectfully requests that the Court dismiss Plaintiff's *prima facie* tort claim, with prejudice.

---

[5] Plaintiff explicitly states that "as against the individual Defendants, Plaintiff pleads First Amendment retaliation and gender discrimination claims under the Equal Protection Clause." *See id.* As *prima facie* tort is not listed as a claim asserted against the individual defendants, such a claim should be deemed abandoned and dismissed with prejudice. However, in light of the fact that Plaintiff does not articulate the basis of her *prima facie* tort claim as to any defendant, Meyers responds accordingly.

14

## **CONCLUSION**

As demonstrated herein, Plaintiff not only fails to *state* a claim against Meyers throughout her entire Amended Complaint, she simply *has no* claim against Meyers because he was not involved in her discharge. No amount of inferences can alter that fact. Meyers lacked the authority to terminate her employment and was not aware of her purported comments to the police officers. Since Plaintiff has abandoned all her claims against Meyers except those for gender discrimination and First Amendment retaliation, those claims should be dismissed with prejudice. Similarly, as Plaintiff has failed to demonstrate a sufficient factual basis to sustain the gender discrimination and First Amendment retaliation claims, these claims, too, should be dismissed with prejudice, as Plaintiff has had more than adequate opportunity to resolve her pleading deficiencies.

Therefore, Meyers respectfully requests that this Court grant his Motion to Dismiss Plaintiff's Amended Complaint, with prejudice and without leave to replead, as any such attempt would be futile.

Dated: Melville, New York
October 11, 2019

Respectfully submitted,

JACKSON LEWIS P.C.
*Attorneys for Defendant Justin S. Meyers*
58 S. Service Road, Suite 250
Melville, New York 11747
(631) 247-0404

By: _____
MARC S. WENGER, ESQ.
FATIMA M. GUILLEN-WALSH, ESQ.

4834-8560-3752, v. 3

# CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2019, the enclosed **DEFENDANT JUSTIN S. MEYERS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT** was served in accordance with the Federal Rules of Civil Procedure and the Eastern District's Local Rules, via electronic mail, upon the following parties and participants:

Brendan Chao, Esq.
*Attorneys for Plaintiff*
50 Merrick Road
Rockville Centre, New York 11570
bchao@bchaolaw.com

Mark A. Cuthbertson, Esq.
Matthew Joseph DeLuca, Esq.
Law Offices of Mark A. Cuthbertson
*Attorneys for Defendant Dennis Cohen*
434 New York Avenue
Huntington, New York 11743
mcuthbertson@cuthbertsonlaw.com
mdeluca@cuthbertsonlaw.com

Brian J. Davis, Esq.
Law Office of Brian J. Davis
Attorneys for Defendant Stuart Cameron
400 Garden City Plaza, Suite 450
Garden City, New York 11530
ah@bjdpc.com

Thomas Edward Stagg, Esq.
Debra L. Wabnik, Esq.
David R. Ehrlich, Esq.
Andrew Scott Kazin, Esq.
Stagg Terenzi Confusion & Wabnik, LLP
*Attorneys for County of Suffolk*
401 Franklin Avenue, Suite 300
Garden City, New York 11530
tstagg@stcwlaw.com
dwabnik@stcwlaw.com
dehrlich@stcwlaw.com
akazin@stcwlaw.com

MARC S. WENGER, ESQ.