UNITED STATES DISTRICT COURT
EASTER DISTRICT OF NEW YORK

------------------------------------------------------------- X
DONNA SCHULTZ,

              Plaintiff,

    -against-

                                          19 CV 00925 (JMA)(ARL)

COUNTY OF SUFFOLK, JUSTIN S. MEYERS IN
HIS OFFICIAL AND PERSONAL CAPACITY,
DENNIS COHEN IN HIS OFFICIAL AND
PERSONAL CAPACITY, AND STUART
CAMERON IN HIS OFFICIAL AND PERSONAL
CAPACITY,

              Defendants.
------------------------------------------------------------- X

## **PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. §636(b)(1), Plaintiff Donna Schultz respectfully makes the following objections to the Report and Recommendation entered in this matter on September 4, 2020. See ECF Doc. 60 (Report and Recommendation). For the reasons stated more fully below, the Report should not be followed in its entirety, as certain causes of action (Second and Fourth) recommended for dismissal should not be dismissed.

Plaintiff is the former Director of Communications for the Suffolk County Police Department ("SCPD"). Both before and during her hiring process, Plaintiff advised the individual Defendants of a previous misdemeanor conviction for improperly accepting unemployment benefits. Defendants advised her that the conviction was not an impediment to her employment.

Plaintiff worked as the Director of Communications for the SCPD for approximately two years, and by all accounts performed her job in commendable fashion. Beginning in 2017, then Police Commissioner Sini ("Sini") began his campaign to become Suffolk County's District

Attorney. He was assisted in this endeavor by his then Assistant Deputy Police Commissioner, Defendant, Justin Meyers ("Meyers"). Plaintiff's job kept her in constant contact with Meyers during this time period, and she became intimately familiar with his daily routine, including, among other things, his improper campaigning for Sini's bid for District Attorney. Following Sini's election to District Attorney, he brought Meyers with him as his Chief of Staff. Plaintiff remained the SCPD's Director of Communications, but Meyers continued to transmit orders to the Communications department, including Plaintiff.

When Plaintiff refused to follow a Meyers' directive, which contradicted established SCPD procedure, Meyers texted Plaintiff a threat, "If you do not call me in the next 60 seconds you're going to get an extremely uncomfortable phone call from the commissioner [Defendant Cameron]."

A week after Meyers's threatening text message, Plaintiff met with two senior-level SCPD police officers to discuss Meyers's conduct. During this meeting Plaintiff reported on a matter of public concern. She reported that Meyers was campaigning for the former SCPD Commissioner, Sini, on SCPD time, used SCPD employees to run errands for him, and she also reported other matters of fraud related to Meyers's time keeping records while employed by the SCPD. Plaintiff was told by the two SCPD police officers that they would look into it further, but she never heard from them again.

Approximately nine days later, Plaintiff was called to a meeting with Defendant Cohen ("Cohen"). Cohen told Plaintiff she failed her background check because of the misdemeanor conviction she had reported to him two years earlier. He then recommended she resign her position. Plaintiff refused to resign, and was fired by a letter from Defendant Cameron later that afternoon.

2

Plaintiff also alleges in her Amended Complaint that she was treated differently than other male SCPD employees when she was fired. Plaintiff alleges in her Amended Complaint that "Male SCPD employees who were convicted of misdemeanor crimes did not lose their jobs with the SCPD despite their criminal convictions." See ECF Doc. 35 (Amended Complaint) at ¶76. Plaintiff also cites numerous instances of significant misconduct by male SCPD employees. Some of the misconduct resulted in arrests and convictions while others did not result in the male employee even being arrested. In none of these instances, however, did any of the male employees lose their jobs. While it is true that the stated comparators for Plaintiff's §1983 discrimination claim are police officers, the information regarding these police officers was publicly available. Similar data regarding non-police officer male SCPD employees, upon information and belief, is peculiarly within Defendants' possession.

If the Court opines that the comparators listed by Plaintiff in her Amended Complaint were not similarly situated, Plaintiff should be given the opportunity to amend her Complaint to allege additional information that will demonstrate that all SCPD employees are held to similar standards regarding criminal convictions, and other criminal behavior. In addition, Plaintiff, as Director of Communications for the SCPD is, upon information and belief, more similarly situated to SCPD police officers than most other SCPD employees and Plaintiff should be given the opportunity to at least allege this at this stage of the proceedings.

## LEGAL STANDARD

This Court's review is de novo. See 28 U.S.C. §636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").

## OBJECTIONS

### I. PLAINTIFF PLEADED SUFFICIENT ALLEGATIONS OF GENDER DISCRIMINATION UNDER 42 U.S.C. §1983

As Magistrate Judge Lindsay correctly states in her Report, the "[Q]uestion of whether an employee is similarly situated to the plaintiff is generally a question of fact for the jury to decide...." Report at 19. Magistrate Judge Lindsay further stated that

> "[A]lthough, [a]t the motion to dismiss stage,...evidence [of similarly situated comparators] is not necessary[,]...a court still must determine whether based on a plaintiff's allegations in the complaint, it is plausible that a jury could ultimately determine that the comparators are similarly situated. At the motion to dismiss stage, such evidence is not necessary; however, a court still must determine whether, based on a plaintiff's allegations in the complaint, it is plausible that a jury could ultimately determine that the comparators are similarly situated." Id. [Citations omitted].

Magistrate Judge Lindsay determined that plaintiff failed to allege that the comparators "had similar job descriptions or responsibilities or were subject to the same performance evaluation or disciplinary standards." Id. at 20. It is Plaintiff's contention that Magistrate Judge Lindsay created a heightened pleading standard that is not required in this case. Plaintiff would allege in an Amended Complaint, if necessary, that all SCPD employees are held to the same Code of Conduct regarding criminal conduct. While police officers may have additional proscriptions than non-police officer SCPD employees, e.g. carrying off-duty firearms, there are fundamental rules all SCPD employees must abide, e.g. the SCPD Code of Conduct and other SCPD rules and regulations regarding criminal conduct.

4

Plaintiff alleged that "Male SCPD employees who were convicted of misdemeanor crimes did not lose their jobs with the SCPD despite their criminal convictions." (Amended Compl. at ¶76). Plaintiff followed that allegation with a recitation of misconduct committed by numerous SCPD police officers. For example, "Bruce Blanco, a SCPD police officer, was charged with extortion and accepting a bribe from a contractor. Blanco pleaded guilty to attempted larceny (a misdemeanor), did not serve any jail time, was not fired, retired, and now collects an annual pension of $89,402. Id. at ¶77.

The allegations made regarding the SCPD police officers were based entirely upon publicly-available information. Plaintiff did, however, allege that "Male SCPD employees" were treated differently than plaintiff. At this stage of the proceedings, the only available information was regarding police officers. Upon information and belief, other non-police officer SCPD employees were treated differently than Plaintiff, but that data remains peculiarly within the possession of Defendants at this stage.

Magistrate Judge Lindsay rightly recommended that "[A] plaintiff may survive a motion to dismiss by 'pleading facts alleged upon information and belief where the facts are peculiarly within the possession and control of the defendant.'" Id. at 13 (citations omitted). Where, as here, the facts relevant to disciplinary action taken against male SCPD employees are "peculiarly within the possession and control of the defendant" plaintiff should be permitted to amend her complaint to further support her §1983 gender discrimination claim if the Court does not believe it "plausible to conclude that the comparators are similarly situated." Wolfinger v. Consol. Edison Co. N.Y., Inc., 2018 WL 3637964, *8 (E.D.N.Y. 2018).

Magistrate Judge Lindsay reasoned, in analyzing Plaintiff's First Amendment claim, "that there is a need to more fully develop the factual basis for plaintiff's claims – specifically the

5

nature of her duties and reporting responsibilities...." Report at 12 citing Taylor v. N.Y. City Dep't of Educ., 2012 WL 3890599, at *4-8 (S.D.N.Y. 2012). Similarly, as here, further discovery would enable the Court to determine whether it is plausible for a jury to ultimately determine whether the comparators are similarly situated. Id. at 19.

## II. PLAINTIFF SUFFICIENTLY PLEADED A CLAIM UNDER CIVIL SERVICE LAW §75-b

Magistrate Judge Lindsay recommends that Plaintiff's §75-b claim be dismissed because,

"Plaintiff's assertion that she raised her concerns about the conduct of Defendant Meyers to two unnamed police officers is insufficient to allege reporting to a government body because there is no allegation that a report was made to individuals in a position to take corrective action." See Report at 22.

Plaintiff was not required to file a "report" in exposing Meyers' misconduct. The statute only requires that the employee "disclose to a governmental body." Civ. Serv. Law § 75-b(2)(a). Burns v. Cook, 458 F. Supp. 2d 29, 44-45 (N.D.N.Y. 2006) (holding the plaintiff pleaded a public whistleblower claim by alleging "she informed either the Superintendent or the Board of Education that they violated her statutory and contractual rights"); Castro v. City of New York, 141 A.D.3d 456, 456 (1st Dept. 2016) (plaintiff sufficiently pleaded claim where he "advised" an immediate supervisor and an Assistant Commissioner of the alleged violations").

Second, there was no pleading deficiency in alleging that Plaintiff spoke to two unnamed "senior-level" officers. The statute does not require a plaintiff to specifically identify the governmental officers to whom they reported the misconduct. Plaintiff specifically alleged Meyers' misconduct - improper use of public resources in campaigning for Sini and "other matters of fraud." (Amended Compl. at ¶¶ 53-54).

6

If necessary, Plaintiff should be permitted to amend her Complaint and name the two senior-level SCPD police officers (a SCPD Lieutenant assigned to the Office of Chief of the Department and a Deputy Inspector assigned to the Office of the Police Commissioner) to whom she reported Defendant Meyers' misconduct and their respective roles with the SCPD. Plaintiff, in reporting Defendant Meyers' misconduct to these two police officers, fully expected that corrective action would be taken because she believed these two police officers were in a position to take such action. Defendant Meyers had threatened her via text message and had, in her estimation, broken the law. The inference that corrective action would be taken following her complaint seems evident from the context of the allegations in the Complaint.[1] If necessary, however, Plaintiff would be able to connect the dots in an Amended Complaint bridging her complaints to the two police officers and what she expected to happen to Meyers because the two police officers were in a position to take corrective action.

## CONCLUSION

For the aforementioned reasons, Plaintiff's Second and Fourth Causes of Action should not be dismissed, or, alternatively, Plaintiff should be permitted to amend her Complaint to allege additional facts necessary to further support those claims.

Dated: September 16, 2020
      Rockville Centre, N.Y.

---

[1] In deciding a FRCP Rule 12 motion, the court must accept all factual allegations in the Complaint as true and draw all <u>reasonable inferences</u> in the nonmoving party's favor. <u>Vega v. Hempstead Union Free Sch. Dist.</u>, 801 F.3d 72, 78 (2d Cir. 2015) (emphasis added).

BRENDAN CHAO
Attorney & Counsellor at Law

BY: _____
Brendan Chao

Attorney for Plaintiff
50 Merrick Road, Suite 200
Rockville Centre, N.Y. 11570
(516) 466-2033

TO: All Attorneys of Record   <u>VIA ECF</u>