UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X

DONNA SCHULTZ,

                                  Plaintiff,

            -against-

COUNTY OF SUFFOLK, JUSTIN S.
MEYERS IN HIS OFFICIAL AND
PERSONAL CAPACITY, DENNIS COHEN
IN HIS OFFICIAL AND PERSONAL
CAPACITY, AND STUART CAMERON IN
HIS OFFICIAL AND PERSONAL
CAPACITY,

                                  Defendants.

Case No: 19-cv-00925-JMA-ARL

------------------------------------------------------------X


# **DEFENDANT JUSTIN S. MEYERS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION**


                                                                                       JACKSON LEWIS P.C.
                                                                                       *ATTORNEYS FOR DEFENDANT*
                                                                                       *JUSTIN S. MEYERS*
                                                                                       58 South Service Road, Suite 250
                                                                                       Melville, New York 11747
                                                                                       (631) 247-0404

Attorneys of Record:
     Marc S. Wenger, Esq.
     Brittany A. Tarazona, Esq.

# **TABLE OF CONTENTS**

Page No.:

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT .............................................................................................1

ARGUMENT .........................................................................................................................2

POINT I: MAGISTRATE JUDGE LINDSAY CORRECTLY FOUND PLAINTIFF FAILED TO SUFFICIENTLY PLEAD A GENDER DISCRIMINATION CLAIM AND RECOMMENDED DISMISSAL ..................................................2

    A. PLAINTIFF FAILS TO PLAUSIBLY ASSERT THAT MEYERS TREATED MALE EMPLOYEES MORE FAVORABLY THAN HE TREATED PLAINTIFF ........................................................................................................3

    B. PLAINTIFF'S SPECULATIVE ALLEGATIONS ON "INFORMATION AND BELIEF" WOULD BE INSUFFICIENT TO SURVIVE DISMISSAL. ...............4

    C. PLAINTIFF FAILS TO ALLEGE FACTS SUFFICIENT TO RAISE AN INFERENCE OF GENDER DISCRIMINATION ON THE PART OF MEYERS. ............................................................................................................6

POINT II: MAGISTRATE JUDGE LINDSAY CORRECTLY FOUND THAT PLAINTIFF'S NEW YORK CIVIL SERVICE LAW § 75-B CLAIM AGAINST MEYERS SHOULD BE DISMISSED ..............................................7

CONCLUSION ......................................................................................................................9

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ...................................................................................................5

*Bilan v. Davis*, No. 11-CV-5509 (RJS)(JLC), 2013 U.S. Dist. LEXIS 107619,
  2013 WL 3940562, at *7 (S.D.N.Y. July 31, 2013) ..................................................7

*Bishop v. Best Buy, Co.*,
  No. 08-CV-8427, 2010 U.S. Dist. LEXIS 110631 (S.D.N.Y. Oct. 13, 2010) ..........3

*Chofetz Chaim, Inc. v. Vill. of Wesly Hills*,
  815 F. Supp. 2d 679 (S.D.N.Y. 2011) .......................................................................3

*Graham v. Long Island R.R.*,
  230 F.3d 34 (2d Cir. 2000) ........................................................................................2

*Hyek v. Field Support Servs., Inc.*,
  702 F. Supp. 2d 84 (E.D.N.Y. 2010) .........................................................................6

*JBCHoldings NY, LLC v. Parker*,
  931 F. Supp. 2d 514 (S.D.N.Y. 2013) .......................................................................5

*Kajoshaj v. N.Y. City Dep't of Educ.*,
  543 F. App'x 11 (2d Cir. 2013) .................................................................................6

*Levy v. Maggiore*,
  48 F. Supp. 3d 428 (E.D.N.Y. 2014) .........................................................................8

*Ludwig's Drug Store, Inc. v. Forest City Enters.*,
  No. 13-CV-6045 (MKB), 2016 US Dist LEXIS 28038 (E.D.N.Y. Mar. 4,
  2016) ..........................................................................................................................5

*Neubecker v. N.Y. State, State Univ. Of N.Y. Erie Cmty. Coll.*,
  No. 18-cv-189V, 2018 U.S. DIST. LEXIS 136650 (W.D.N.Y. Aug. 18, 2018) .....2

*Offor v. Mercy Med. Ctr.*,
  167 F. Supp. 3d 414 (E.D.N.Y. 2016), *aff'd in part, vacated in part on other
  grounds,* 676 F. App'x 51 (2d Cir. 2017) .................................................................3

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*,
  631 F.3d 436, 442 (7th Cir. 2011) ........................................................................5, 6

*Reid v. Ingerman Smith LLP*,
    876 F. Supp. 2d 176 (E.D.N.Y. 2012) ................................................................................8

*Sanders v. Grenadier Realty, Inc.*,
    367 F. App'x 173 (2d Cir. 2010) ........................................................................................5

*Vega v. Hempstead Union Free Sch. Dist.*,
    801 F.3d 72 (2d Cir. 2015) ................................................................................................2

*Weslowski v. Zugibe*,
    14 F. Supp. 3d 295 (S.D.N.Y. 2014) ..................................................................................3

*Wolfinger v. Consol. Edison Co. of NY*,
    No. 17-CV-1710 (NGG) (PK), 2018 US Dist LEXIS 128183 (E.D.N.Y. July
    30, 2018) .............................................................................................................................3

**Statutes**

New York Civil Service Law § 75-b .................................................................................... 1, 7, 8

**Other Authorities**

Fed. R. Civ. P. 12(b)(6) ...............................................................................................................6

## PRELIMINARY STATEMENT

Defendant Justin S. Meyers ("Meyers"), by and through his undersigned counsel, submits this Memorandum of Law in Opposition to Plaintiff Donna Schultz's ("Plaintiff") Objections to Report and Recommendation, dated September 16, 2020 (Dkt 61) (hereinafter, "Plaintiff's Objection"). Magistrate Judge Lindsay, in her Report and Recommendation entered on September 4, 2020 (Dkt 60) (the "Report") properly found and recommended that Plaintiff's Second Cause of Action for gender discrimination be dismissed. In her Amended Complaint (Dkt 35) ("Am. Compl."), Plaintiff failed to offer a single allegation supporting her claim that sex was a motivating factor in her termination, other than her conclusory allegation that purported comparators were treated differently, which is insufficient. As is apparent from the Amended Complaint, Meyers had no involvement with Plaintiff's employment, or her termination, following his departure from the Suffolk County Police Department ("SCPD"), and Plaintiff does not, and simply cannot, establish an inference of gender discrimination by Meyers. In a last-gasp effort to salvage her claim, Plaintiff entreats the Court to permit her to amend her complaint again to make even more allegations "upon information and belief." Any such amendment would be futile, however, because allegations "upon information and belief" must be supported by a good faith factual basis to survive dismissal, and Plaintiff provides none.

Magistrate Judge Lindsay also properly recommended dismissal of Plaintiff's Fourth Cause of Action against Defendant Meyers under New York Civil Service Law § 75-b. Meyers argued in his initial moving papers to dismiss Plaintiff's Amended Complaint (Dkt 49, p. 19) that this type of claim cannot be maintained against individuals, and Magistrate Judge Lindsay agreed in her Report (p. 20). Plaintiff ignores this aspect of her Recommendation in her Objection, thus abandoning this claim against Meyers (and the other Individual Defendants).

The Magistrate Judge's Report sets forth the salient procedural background of this matter (Report, p. 5). For a Statement of Facts, Meyers refers the Court to his Memorandum of Law in Support of the Motion to Dismiss Plaintiff's Amended Complaint (Dkt 49, pp. 3-5).

**ARGUMENT**

**POINT I: MAGISTRATE JUDGE LINDSAY CORRECTLY FOUND PLAINTIFF FAILED TO SUFFICIENTLY PLEAD A GENDER DISCRIMINATION CLAIM AND RECOMMENDED DISMISSAL**

As correctly noted in Magistrate Judge Lindsay's Report, in order to maintain an employment discrimination claim, "a plaintiff must plausibly allege that (1) the employer took adverse action against [her] and (2) h[er] … sex … was a motivating factor in the employment decision." *See* Report, p. 16 (*citing Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015). Importantly, "[t]he sine qua non of a … discriminatory action claim … is that 'the discrimination must be because of'" gender, and "[n]aked assertions of [] discrimination … without any specific allegations of a causal link between the [d]efendants' conduct and the [p]laintiff's [membership in a protected class], [are] too conclusory to withstand a motion to dismiss." Report, p. 17 (citations omitted).

Accordingly, while she may plead an inference of discrimination (i.e. that sex was a motivating factor in an employment decision) based on disparate treatment, Plaintiff bears the burden to prove that she is similarly situated to the employees she alleges received more favorable treatment. *See Graham v. Long Island R.R.*, 230 F.3d 34, 39 n.1 (2d Cir. 2000). And "[W]here… there is no suggestion that plaintiff and the comparators had similar job descriptions or responsibilities or were subject to the same performance evaluation or disciplinary standards, dismissal is appropriate." Report, p. 20 (*citing Neubecker v. N.Y. State, State Univ. Of N.Y. Erie Cmty. Coll.*, No. 18-cv-189v, 2018 U.S. Dist. Lexis 136650, at *5 (W.D.N.Y. Aug. 18, 2018)).

2

### A. Plaintiff Fails to Plausibly Assert that Meyers Treated Male Employees More Favorably Than He Treated Plaintiff.

Plaintiff contends, without citing *any* authority, that Magistrate Judge Lindsay created a "heightened pleading standard" based on the following language in the Report:

> [A]though, [a]t the motion to dismiss stage, … evidence [of similarly situated comparators] is not necessary[,] … a court must determine whether based on a plaintiff's allegations in the complaint, it is plausible that a jury could ultimately determine that the comparators are similarly situated. At the motion to dismiss stage, such evidence is not necessary; however, a court still must determine whether, based on a plaintiff's allegations in the complaint, it is plausible that a jury could ultimately determine that the comparators are similarly situated. [citations omitted].

Plaintiff's Objection, p. 4. Magistrate Judge Lindsay did no such thing. Rather, she properly relied on and quoted settled authority in this Circuit, including *Weslowski v. Zugibe*, 14 F. Supp. 3d 295, 319 (S.D.N.Y. 2014),[1] and *Chofetz Chaim, Inc. v. Vill. of Wesly Hills*, 815 F. Supp. 2d 679, 698 (S.D.N.Y. 2011), which holds that, to meet her burden at this stage, Plaintiff must plead allegations from which it is plausible to conclude that any alleged comparators are similarly situated.[2]

As correctly found by Magistrate Judge Lindsay, Plaintiff has failed to plausibly allege that any identified comparators are similarly situated to Plaintiff. Indeed, although Plaintiff

---

[1] In *Weslowski*, the Court dismissed Plaintiff's discrimination claim under the equal protection clause where Plaintiff failed to satisfy his "burden to plead that Defendants did not take adverse employment action against a similarly situated employee who was not a member of a protected class, because Plaintiff's conduct … is not of 'comparable seriousness'" to those alleged. *Weslowski*, 14 F. Supp. 3d at 319.

[2] *See also Offor v. Mercy Med. Ctr.,* 167 F. Supp. 3d 414, 431 (E.D.N.Y. 2016), *aff'd in part, vacated in part on other grounds,* 676 F. App'x 51 (2d Cir. 2017) ("the plaintiff must at least plead allegations from which it is plausible to conclude that the comparators are similarly situated"); *Wolfinger v. Consol. Edison Co. of NY,* No. 17-CV-1710 (NGG) (PK)), 2018 US Dist LEXIS 128183, at \*25-26 (E.D.N.Y. July 30, 2018 (finding plaintiff "failed to meet his pleading burden" where the complaint "provide[d] no information as to whether he and [comparator] 'had similar job descriptions or responsibilities" and dismissing claim because "[w]ithout any information about Plaintiff's allegedly similarly situated comparator, the court is unable to find that Defendant engaged in a pattern of disparate treatment rising to the level of unlawful discrimination."); *Bishop v. Best Buy, Co.*, No. 08-CV-8427, 2010 U.S. Dist. LEXIS 110631, \*39 (S.D.N.Y. Oct. 13, 2010) (dismissing the plaintiff's equal protection claim because he failed to allege any similarly situated individuals who were treated differently and allegations were "wholly conclusory").

inserted a list of male police officers who engaged in various purported criminal acts and allegedly were not discharged in her Amended Complaint,[3] *see* Am. Compl. ¶¶ 77-83, she provides no factual basis to show how these males are similarly situated to Plaintiff (which they are not) or that Meyers personally provided these men with preferential treatment over Plaintiff (which he did not). Indeed, Plaintiff does not allege that these comparators had similar job descriptions or responsibilities or were subject to the same performance evaluation or disciplinary standards (which they are not). Instead, she generically alleges that "[m]ale SCPD employees who were convicted of misdemeanor crimes did not lose their jobs with the SCPD despite their criminal convictions." *Id.* at ¶ 76. Plaintiff does not even attempt to assert that Meyers himself (as opposed to the SCPD generally) treated male SCPD employees differently. *Id.* at ¶ 76. She offers no basis to conclude that Meyers was aware of purported criminal conduct by male SCPD employees and was authorized to take adverse action and chose not to do so. Plaintiff's conclusory allegation that "males" who committed crimes were not terminated is insufficient, and as Magistrate Judge Lindsay correctly found, Plaintiff's gender discrimination claim should be dismissed.

### B. Plaintiff's Speculative Allegations On "Information And Belief" Would Be Insufficient To Survive Dismissal.

In an attempt to salvage her meritless gender discrimination claim, Plaintiff asserts in her Objection that "the facts relevant to disciplinary action taken against male SCPD employees are 'peculiarly within the possession and control of the defendant'" and, thus, she should be permitted to amend her complaint yet again. Plaintiff's Objection, p. 5. Providing a preview of her proposed amendment, Plaintiff contends that, "*[u]pon information and belief*, other non-police

---

[3] Plaintiff inserted these alleged comparators only *after* being confronted at the Pre-Motion Conference over the absence of any allegations in her original complaint to support her gender discrimination claim, such as Defendants' treatment of similarly-situated male comparators.

officer SCPD employees were treated differently than Plaintiff, but that data remains peculiarly within the possession of Defendants." *Id.* (emphasis added). Plaintiff offers no hint as to the "information" upon which her "belief" is based. In truth, there is none. It is sheer speculation that Defendant Meyers might have treated non-police officer SCPD employees differently than Plaintiff.

While a plaintiff is permitted to allege facts "on information and belief'" where "the facts are peculiarly within the possession and control of the defendant … **such allegations must be 'accompanied by a statement of facts upon which the belief is founded.**'" *JBCHoldings NY, LLC v. Parker*, 931 F. Supp. 2d 514, 527 (S.D.N.Y. 2013); *Sanders v. Grenadier Realty, Inc.,* 367 F. App'x 173, 175 n.2 (2d Cir. 2010) (affirming dismissal of discrimination claim for failure to state a claim where plaintiffs alleged racial animus based on facts pled on information and belief and "plaintiffs allege[d] no basis for the 'information and belief' on which their assertion" was based); *see generally Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("[w]hile legal conclusions can provide the framework of a complaint, *they must be supported by factual allegations*.") (emphasis added).[4] Plaintiff 's attempt to prolong the inevitable dismissal of this claim by strategically deploying the phrase "on information and belief" wherever necessary must fail because she has no basis to believe that her latest allegation is true. "When a plaintiff sets out allegations on information and belief, [s]he is representing that [s]he has a good-faith reason for believing what [s]he is saying, but acknowledging that [her] allegations are based on secondhand information that [she] believes to be true." *Ludwig's Drug Store, Inc. v. Forest City Enters*., No. 13-CV-6045 (MKB), 2016 US Dist LEXIS 28038, at *43 (E.D.N.Y. Mar. 4, 2016) (*citing Pirelli Armstrong Tire Corp. Retiree*

---

[4] Defendant Meyers addressed this point in his Objections to Magistrate Judge Lindsay's Report and Recommendation (Dkt 63, p. 4).

*Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 442 (7th Cir. 2011)). Plaintiff's Objection contains not even a hint of a good faith basis for her proposed amendment.

The Second Circuit's decision in *Kajoshaj v. N.Y. City Dep't of Educ.*, 543 F. App'x 11, 16 (2d Cir. 2013), is instructive. In that decision, the Court dismissed an equal protection claim where plaintiff failed to allege a factual basis to accompany its "bare allegation of discriminatory animus." *Id.* at 15. The Court recognized that while defendants controlled the documents of the comparators whom plaintiff claimed were similarly situated, even "information and belief … pleadings must be grounded in a good-faith basis in fact for believing that such comparators exist." *Id.* at 16.

Here, even if Plaintiff amended her complaint again to include "upon information and belief" allegations, they would be insufficient to set forth a *plausible* factual basis for her claim. Plaintiff's proposed allegations are entirely couched in terms of sheer possibility and conjecture, which are insufficient to state a claim under FRCP 12(b)(6).

### C. Plaintiff Fails to Allege Facts Sufficient to Raise An Inference of Gender Discrimination on the Part of Meyers.

Plaintiff's Objection to the Report focuses only on Magistrate Judge Lindsay's findings regarding Plaintiff's failure to allege that comparators were similarly situated. Plaintiff's Objection, pp. 4-5. However, this alone cannot rescue her gender discrimination claim against Defendant Meyers. As the Amended Complaint acknowledges, **Defendant Meyers hired Plaintiff**, which defeats any possible inference of gender discrimination. In fact, Plaintiff admits that Meyers was instrumental in hiring her. *See* Am. Compl. ¶¶ 17-25. Meyers is entitled to the "same actor" inference long adhered to by Courts in this Circuit, and this alone warrants dismissal of this claim against Meyers. *See, e.g., Hyek v. Field Support Servs., Inc.*, 702 F. Supp. 2d 84, 101 (E.D.N.Y. 2010) ("when the person who made the decision to fire was the same person who made

the decision to hire, it is difficult to impute to [him] an invidious motivation that would be consistent with the decision to hire."). Magistrate Judge Lindsay did not find the need to reach this point in her Report, but that does not excuse Plaintiff's repeated failure to respond to this argument. In her Objection, Plaintiff fails to refute this defense – as she also failed to do in her Opposition to Defendants' Motion to Dismiss the First Amended Complaint (Dkt 51).

Moreover, aside from speculative "upon information and belief" allegations, Plaintiff also fails to plead that Meyers had any authority over decisions impacting Plaintiff's employment. In fact, it is the opposite – the Amended Complaint actually demonstrates that he could not have been involved. As alleged by Plaintiff, Meyers resigned from the SCPD on or about January 1, 2018 to work as District Attorney Sini's Chief of Staff. Am. Compl. ¶ 43. Plaintiff also fails to allege that Meyers knew of her alleged complaint about him to two police officers, and the only factual allegation that Plaintiff offers to explain Meyers' purported desire to terminate her employment (which is untrue), is that Plaintiff refused Meyers' request to post a message about an arrest warrant on SCPD's social media page. *See* Am. Compl. ¶¶ 48-49. Therefore, even if Meyers played some role in Plaintiff's termination (which he did not, and did not have the authority to do), the only factual allegations in the Amended Complaint suggest that his reason was non-discriminatory. Thus, Plaintiff's gender discrimination claim should be dismissed.

**POINT II: <u>MAGISTRATE JUDGE LINDSAY CORRECTLY FOUND THAT PLAINTIFF'S NEW YORK CIVIL SERVICE LAW § 75-B CLAIM AGAINST MEYERS SHOULD BE DISMISSED</u>**

Defendants argued and Magistrate Judge Lindsay correctly found that Plaintiff's New York Civil Service Law § 75-b claim against Meyers and the other Individual Defendants should be dismissed because this claim cannot be maintained against individuals. Report, p. 20 (*citing Bilan v. Davis*, No. 11-CV-5509 (RJS)(JLC), 2013 U.S. Dist. LEXIS 107619, 2013 WL 3940562, at *7 (S.D.N.Y. July 31, 2013)); Defendant Justin S. Meyers' Memorandum of Law in

Support of the Motion to Dismiss Plaintiff's Amended Complaint (Dkt 49), p. 19). Plaintiff failed to respond to this argument and has therefore abandoned any such claim.

Plaintiff's abandonment of this claim is also evident in her Opposition to Meyers' Motion to Dismiss (Dkt 51, p. 25), wherein she asserts that this claim is asserted against the County.[5] Thus, to the extent Plaintiff purports to continue to assert her New York Civil Service Law § 75-b claim against Meyers, such claim must be dismissed. *See, e.g., Levy v. Maggiore*, 48 F. Supp. 3d 428, 452 (E.D.N.Y. 2014) ("Plaintiff does not respond to this argument and the Court therefore construes Plaintiff's failure to respond as an abandonment of this claim") (citations omitted)); *Reid v. Ingerman Smith LLP*, 876 F. Supp. 2d 176, 186 (E.D.N.Y. 2012) (deeming claim abandoned and granting motion to dismiss where plaintiff "does not address this argument in her opposition brief").

Even if Plaintiff did not abandon this claim against Meyers, Plaintiff's Objection to the Magistrate Judge's conclusion that Plaintiff failed to plead a claim under Section 75-b is nothing more than a recitation of the same arguments that Magistrate Judge Lindsay properly rejected in Plaintiff's Opposition to Defendants' Motions to Dismiss, in particular, that "Plaintiff was not required to file a 'report' in exposing Meyers' misconduct" and "[t]he statute only requires that the employee 'disclose to a governmental body.'" *Compare* Plaintiff's Objection, pp. 6-7, *with* Plaintiff's Opposition to Meyers' Motion to Dismiss (Dkt 51, p. 23) (using same language and citing the same cases). As correctly noted in the Report, in order to state a claim under Section 75-b, "'plaintiff must allege: (1) an adverse personnel action; (2) disclosure of information to a

---

[5] Plaintiff's Memorandum of law in Opposition to Defendants' Motion to Dismiss the First Amended Complaint (Dkt 51, pp. 22, 25) (asserting that "Plaintiff pleads a plausible claim *against the County* under CSL § 75-b (emphasis added), and "as against the individual Defendants, Plaintiff pleads First Amendment retaliation and gender discrimination claims under the Equal Protection Clause. As against the County, Plaintiff pleads a public employee whistleblower claim under the Civil Service Law").

8

governmental body (a) regarding a violation of a law, rule or regulation that endangers public health or safety, or (b) which [] he reasonably believes constitutes an improper governmental action; and (3) a causal connection between the disclosure and the adverse personnel action.'" Report, p. 22 (citations omitted). Plaintiff cannot establish the essential elements of her claim. *See* Report, pp. 21-22.

As explained in further detail in Meyers' Memorandum of Law in Support of his Motion to Dismiss (Dkt 49, p. 14), Plaintiff fails to plead facts sufficient to establish that she complained about violations of law, nor did her alleged report relate to a substantial and specific danger to the public at large. Plaintiff's speculative opinion cannot support a cause of action under this statute.

## **CONCLUSION**

For the reasons set forth above, and the reasons set forth in Defendant Meyers' Motion to Dismiss Plaintiff's Amended Complaint, Meyers respectfully requests that this Court enter an Order adopting the Magistrate Judge's Report and Recommendation as to the findings regarding Plaintiff's Second and Fourth causes of action, and that Meyers' Motion to Dismiss Plaintiff's Amended Complaint be granted in its entirety, with prejudice and without an opportunity for Plaintiff to replead.

Dated: Melville, New York
September 30, 2020

                Respectfully submitted,

                JACKSON LEWIS P.C.
                *Attorneys for Defendant Justin S. Meyers*
                58 S. Service Road, Suite 250
                Melville, New York 11747
                (631) 247-0404

By:   *Marc S. Wenger*
                MARC S. WENGER, ESQ.
                BRITTANY A. TARAZONA, ESQ.

**CERTIFICATE OF SERVICE**

       I hereby certify that on September 30, 2020, the enclosed **MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION** was electronically filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure and the Eastern District's Local Rules, and the Eastern District's Rules on Electronic Service upon the following parties and participants:

Brendan Chao, Esq.
*Attorneys for Plaintiff*
50 Merrick Road
Rockville Centre, New York 11570

Mark A. Cuthbertson, Esq.
Matthew Joseph DeLuca, Esq.
Law Offices of Mark A. Cuthbertson
*Attorneys for Defendant Dennis Cohen*
434 New York Avenue
Huntington, New York 11743

Brian J. Davis, Esq.
Law Office of Brian J. Davis
<u>Attorneys for Defendant Stuart Cameron</u>
400 Garden City Plaza, Suite 450
Garden City, New York 11530

Thomas Edward Stagg, Esq.
Debra L. Wabnik, Esq.
David R. Ehrlich, Esq.
Andrew Scott Kazin, Esq.
Stagg Terenzi Confusion & Wabnik, LLP
*Attorneys for County of Suffolk*
401 Franklin Avenue, Suite 300
Garden City, New York 11530

                                            *Marc S. Wenger*
                                            MARC S. WENGER, ESQ.