UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X   Docket No.: 19-cv-00925 (JMA)(ARL)

DONNA SCHULTZ,

                              Plaintiff,

        -against-

COUNTY OF SUFFOLK, JUSTIN S. MEYERS
IN HIS OFFICIAL AND PERSONAL
CAPACITY, DENNIS COHEN IN HIS
OFFICIAL AND PERSONAL CAPACITY, AND
STUART CAMERON IN HIS OFFICIAL AND
PERSONAL CAPACITY

                            Defendant(s).
-----------------------------------------------------------------X

## DEFENDANT COUNTY OF SUFFOLK'S RESPONSE
## TO PLAINTIFF'S OBEJCTIONS TO MAGISTRATE
## JUDGE LINDSAY'S REPORT AND RECOMMENDATION

Defendant County of Suffolk (the "County"), by its attorneys, Stagg Wabnik Law Group LLP, respectfully submits this response to Plaintiff Donna Schultz's ("Plaintiff") objections (the "Objections") to Magistrate Judge Lindsay's September 4, 2020 Report and Recommendation (the "Report") (Dkt. No. 60). As set forth more fully below, the Objections should be denied, and the Report should be adopted dismissing Plaintiff's Complaint against the County in its entirety.

## PRELIMINARY AND FACTUAL STATEMENT

Of the six claims against the County in Plaintiff's Amended Complaint, four were abandoned by Plaintiff during briefing of the County's motion to dismiss. Therefore, only two claims against the County were presented to Magistrate Judge Lindsay for report and recommendation: the fourth cause of action for violations of Civil Service Law § 75-b; and the sixth cause of action for prima facie tort. Magistrate Judge Lindsay recommended that both claims

be dismissed against the County. Plaintiff's Objections do not dispute, and therefore concede, that the sixth claim for prima facie tort should be dismissed. Accordingly, Plaintiff seeks to sustain only the Civil Service Law claim against the County. (Pl. Obj. at 1.)

A Civil Service Law § 75-b claim protects a public employee against retaliation for disclosing allegations of improper governmental action to a government body. As Magistrate Judge Lindsay properly concluded, the Civil Service Law claim should not be sustained because Plaintiff did not sufficiently allege that she reported her allegations of improper conduct by co-defendant Justin Meyers ("Meyers") to a person in a position to address the allegations. (Report at 22.) Plaintiff merely stated in her Amended Complaint that she had made allegations against Meyers to unnamed "senior-level" officers. In its motion to dismiss, the County established that Plaintiff's failure to identify the officers as persons with authority to address the allegations was insufficient. During motion practice, Plaintiff had ample time to provide identifying information for the officers, but failed to do so. She did not cross-move to amend her Amended Complaint to provide the names of the "senior-level" officers.

Now that Magistrate Judge Lindsay recommended dismissal of the claim, Plaintiff has provided the titles for the officers, and offered to amend her Amended Complaint to identify the officers. (Pl. Obj. at 7.) It is simply too little too late. She offers no excuse whatsoever for failing to provide the information sooner. The motion to dismiss was fully briefed and the County should not have to incur the cost of revisiting that motion.

Magistrate Judge Lindsay conducted the proper legal inquiry with the information she had before her. Plaintiff cannot obtain a second bite at the apple by offering to advance new information at this late date. The Report should stand, and the County should be dismissed from this action.

**ARGUMENT**

**THIS COURT SHOULD ACCEPT THE RECOMMENDATIONS IN THE REPORT,
AND DISMISS THE AMENDED COMPLAINT AGAINST THE COUNTY**

A district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge" in a report and recommendation. 28 U.S.C. § 636(b)(1)(C). Where specific objections have been made to a report and recommendation, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." F.R.C.P. 72(b)(3); *see United States v. Male Juvenile*, 121 F.3d 34, 38-39 (2d Cir. 1997). In the absence of a proper objection, the Court "must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *T.W.T. Distrib. v. Jo*, 966 F. Supp. 2d 576, 578 (2013) (internal quotation marks omitted).

Whether the Report is subject to de novo review or review for clear error, this Court should adopt it as legally correct. The Report correctly determined, based on a review of the Amended Complaint and decisions of other federal district courts, that Plaintiff failed to state a claim for violations of Civil Service Law § 75-b and prima facie tort against the County. Upon both *de novo* and clear error review of the record and the Report, the Court should adopt the well-reasoned and soundly analyzed Report in its entirety as it relates to the County.

**POINT I**

**MAGISTRATE LINDSAY'S RECOMMENDATION THAT
PLAINTIFF'S CIVIL SERVICE LAW § 75-B CLAIM BE
DISMISSED AGAINST THE COUNTY SHOULD BE ACCEPTED**

In its motion to dismiss, the County argued that the Civil Service Law § 75-b claim should be dismissed because Plaintiff failed to satisfy the pleading requirements for such a claim. Civil Service Law § 75-b (2)(a) protects a public employee against retaliation for disclosing to a

3

government body information "which the employee reasonably believes to be true and reasonably believes constitutes an improper governmental action." Plaintiff alleged that she met with two nameless "senior level SCPD officers to discuss Meyers's conduct." (Am. Compl. ¶ 52.) In its motion to dismiss, the County specifically complained that Plaintiff did not allege to whom she spoke.

Magistrate Judge Lindsay properly found that Plaintiff's Civil Service Law § 75-b claim should be dismissed because "Plaintiff's assertion that she raised her concerns about the conduct of Defendant Meyers to two unnamed police officers is insufficient to allege reporting to a governmental body because there is no allegation that a report was made to individuals in a position to take corrective action." (Report at 22.)

Plaintiff takes issue with Magistrate Judge Lindsay's use of the word "report" to describe Plaintiff's obligations under Civil Service Law § 75-b. (Pl. Obj. at 6.) Plaintiff contends she merely had to "disclose to a governmental body" improper governmental action. However, as the County established in its papers, notification efforts are a procedural prerequisite to a Section 75-b claims. *Hastie v. State Univ. of N.Y,*, 74 A.D.3d 1547, 1548, 902 N.Y.S. 2d 239, 240 (3d Dep't 2010). As Magistrate Judge Lindsay stated, disclosure must be made to someone in a position to do something about it. *Carter v. Incorporated Vill. of Ocean Beach*, 172 A.D.3d 1608, 100 N.Y.S.3d 128 (3d Dep't 2019). Plaintiff does not deny that she failed to identify the "senior-level" officers to whom she allegedly reported Meyers' conduct. Rather, she claims the statute does not require that she identify to whom she spoke. (Pl. Obj. at 6.) Plaintiff cites no case law in support of this contention.

Apparently cognizant that she failed to satisfy the pleading requirements for a Section 75-b claim, Plaintiff now for the first time explains that the "senior-level" officers she spoke to are a

4

"SCPD Lieutenant assigned to the Office of Chief of the Department and a Deputy Inspector assigned to the Office of the Police Commissioner." (Pl. Obj. at 7.) Plaintiff still does not identify them by name, but states she is prepared to do so in yet another amended complaint. At no point during motion practice did Plaintiff offer to disclose the names. At no point during motion practice did Plaintiff offer to amend her complaint to identify the officers. Indeed, there was and is no motion to amend pending. It was not until her Objections, filed after the Report recommended that the Section 75-b claim be dismissed, that the offer to disclose the officers' names was made. Plaintiff is improperly attempting to take a second bite at the apple, and it should not be countenanced.

Notably, Plaintiff provides no excuse for failing to name the officers previously. She does not claim she did not have their names, or they were protected in any fashion. It simply defies logic that she had the information, but chose not to disclose it. The Court need not consider these factual assertions that were inexcusably not raised initially before the magistrate judge. *Robinson v. Keane*, No. 92-CV-6090 (CSH), 1999 WL 459811 at *4 (S.D.N.Y. June 29, 1999) ("These issues were not raised before the Magistrate Judge and therefore were not addressed by him; accordingly, they may not properly be deemed 'objections' to any finding or recommendation made in the Report and Recommendation."); *see also Abu-Nassar v. Elders Futures, Inc.*, No. 88-CIV-7906 (PKL), 1994 WL 445638 at *4 n.2 (S.D.N.Y. Aug. 17, 1994) ("If the Court were to consider formally these untimely contentions, it would unduly undermine the authority of the Magistrate Judge by allowing litigants the option of waiting until a report is issued to advance additional arguments.").

Indeed, "a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance." *Praileau v Fischer*,

930 F. Supp. 2d 383, 387 (N.D.N.Y. 2013). *See also Paddington Partners v. Bouchard,* 34 F.3d 1132, 1137–38 (2d Cir.1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") (internal quotation marks and citations omitted); *Pan Am. World Airways, Inc. v. International Bhd. of Teamsters,* 894 F.2d 36, 40, n.3 (2d Cir.1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U.S. v. Raddatz,* 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); F.R.C.P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

Even if she could establish who she reported Meyers' alleged conduct to, and that those individuals had authority to address her allegations, her accusations had to have been conveyed by those individuals to the person who terminated her to sustain a claim under Section 75-b. *Palmer v. Niagara Frontier Transp. Auth.*, 56 A.D.3d 1245, 1246, 867 N.Y.S.2d 318, 319 (4th Dep't 2008). The assertion in Plaintiff's Amended Complaint that "upon information and belief" the information was conveyed to co-defendant Stuart Cameron before she was terminated is insufficient. (Am. Compl. ¶59.) "'Mere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient' to raise a triable issue of fact concerning the knowledge of plaintiff's supervisors." *Id., citing Zuckerman v. City of N.Y.*, 49 N.Y.2d 557, 562, 427 N.Y.S.2d 595, 598 (1980).

Besides this new offer to amend the complaint to name the officers to whom she allegedly reported Meyers' alleged actions, Plaintiff's Objections are merely a reiteration of her arguments in opposition to the County's motion to dismiss, which is insufficient. (Pl. Obj. at 6-7.) If a party "makes only conclusory or general objections," however, or only reiterates his original arguments, the court shall review the Report for clear error. *Friedman v. Self Help Cmty. Servs.*, No. 11-CV-3210, 2015 WL 1246538, at *3 (E.D.N.Y. Mar. 17, 2015), *aff'd sub nom.,* 647 F. App'x 44 (2d Cir. 2016); *see also Manigaulte v. C.W. Post of Long Island Univ.*, 659 F. Supp. 2d 367, 372 (E.D.N.Y. 2009); *Baptichon v. Nev. State Bank*, 304 F. Supp. 2d 451, 453 (E.D.N.Y. 2004), *aff'd*, 125 F. App'x 374 (2d Cir. 2005).

Magistrate Judge Lindsay carefully considered the Complaint and the arguments made by both sides in determining that the fourth claim should be dismissed. Thus, upon *de novo* review, this Court should adopt the Report and grant the County's motion to dismiss in its entirety.

## POINT II

### THE RECOMMENDATION OF DISMISSAL OF THE SIXTH CAUSE OF ACTION FOR PRIMA FACIE TORT SHOULD BE SUSTAINED

Plaintiff does not object to dismissal of the sixth cause of action for prima facie tort. (*See* Pl. Obj.) To accept those portions of the Report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *King v. Greiner*, No. 02-CV-5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009), quoting *Wilds v. United Parcel Service*, *Inc*., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)). Since Plaintiff did not object to that portion of the Report which dismissed the Sixth claim for prima facie tort, a review for clear error on that claims is appropriate. *De los Santos v. New Atlantis Management Corp*., No. 07-CIV-9731 (PAE), 2012 WL 3683543 at *2 (S.D.N.Y. Aug. 24, 2012).

To state a claim for prima facie tort, a plaintiff must allege "(1) intentional infliction of harm, (2) causing special damages, (3) without excuse or justification, and (4) by an act or series of acts that would otherwise be lawful." *Katz v. Travelers*, 241 F. Supp. 3d 397, 405 (E.D.N.Y. 2017); *Carlson v. Geneva City Sch. Dist.*, 679 F. Supp. 2d 355, 372 (W.D.N.Y. 2010). Plaintiff's Amended Complaint recited these elements in four paragraphs without any factual support. (*See* Am. Compl. ¶¶ 130-33.) A complaint providing only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

Further, Plaintiff could not even satisfy the first element, intentional infliction of harm. Her own complaint offered other motives for her termination besides hurting her, such as the impact her allegations would have on the individual Defendants' livelihoods. (Am Compl. ¶¶ 106-07.)

In her Report, Magistrate Judge Lindsay cited the appropriate factors to determine whether Plaintiff had sufficiently alleged a prima facie tort claim and concluded that she failed to do so. There is no error in this determination and therefore, the Sixth Cause of Action should be dismissed against the County.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Objections should be rejected, the Report should be adopted in full as it pertains to the County, and Plaintiff's Amended Complaint should be dismissed against the County in its entirety.

Dated: Garden City, New York
September 30, 2020

Stagg Wabnik Law Group, LLP

By: __ /s/ Debra L. Wabnik
Debra L. Wabnik (dw-0944)
*Attorneys for Defendant*
*County of Suffolk*
401 Franklin Avenue, Suite 300
Garden City, New York 11530
Tel: (516) 812-4504