UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
DONNA SCHULTZ

                                       Plaintiff,

                           -against-

COUNTY OF SUFFOLK, JUSTIN S. MEYERS IN      **Docket No.:**
HIS OFFICIAL AND PERSONAL CAPACITY,            19-cv-00925-JMA-ARL
DENNIS COHEN IN HIS OFFICIAL AND
PERSONAL CAPACITY, AND STUART
CAMERON IN HIS OFFICIAL AND PERSONAL
CAPACITY,

                                    Defendants.
---------------------------------------------------------------------X

## DEFENDANT, STUART CAMERON'S, MEMORANDUM OF LAW IN OPPOSITION TO THE PLAINTIFF'S OBJECTIONS TO THE REPORT AND RECOMMENDATIONS.

### PRELIMINARY STATEMENT

Plaintiff Donna Schultz ("Plaintiff") brought this action pursuant to 42 U.S.C. § 1983 against Defendants County of Suffolk (the "County"), Justin S. Meyers ("Meyers"), Dennis Cohen ("Cohen"), and Stuart Cameron ("Cameron) (collectively "Defendants") alleging First Amendment retaliation, gender discrimination, and violations of state whistleblower laws. On September 4, 2020, Magistrate Judge Arlene Lindsay issued a Report and Recommendation ("R&R") that recommended granting Defendants' respective motions to dismiss that with respect to all claims except for Plaintiff's First Amendment retaliation claim.

Cameron joins with his Co-Defendants in opposing the Plaintiff's R&R.

On September 17, 2020, Plaintiff filed her objections to the R&R ("Plaintiff's Objections") pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 72(b)(2). Specifically, Plaintiff objected to the portions of the R&R that recommended dismissal of the gender

discrimination claim.

Plaintiff also requests the opportunity to file a second Amended Complaint to cure the deficiencies in the Amended Complaint. Cameron submits this opposition to Plaintiff's Objections and requests that this Court deny all of the Plaintiff's requests, and accept the R&R that recommended dismissal of Plaintiff's gender discrimination claim, and dismiss that claim as against Cameron. Cameron further requests, for the reasons set forth herein, that Plaintiff's request for leave to file a second amended complaint be denied as procedurally defective.

## ARGUMENTS

### I. The R&R Applied The Correct Standard For An Equal Protection Claim

The R&R applied the correct standard in determining that Plaintiff had failed to state a plausible claim of gender discrimination under the Fourteenth Amendment. In Plaintiff's Objections, without any basis, Plaintiff asserts that the R&R "created a heightened pleading standard that is not required in this case."

As the R&R correctly explains, an employment discrimination claim requires that a plaintiff "plausibly allege that (1) the employer took adverse action against him and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision." R&R at 16 (citing Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 86 (2d Cir. 2015)). This requires a plaintiff to allege sufficient facts to support a "facially plausible inference that the defendant's actions were motivated by discriminatory animus." R&R at 17. Conversely, "naked assertions of [] discrimination . . . without any specific allegation of a causal link between the [d]efendants' conduct and the [p]laintiff's [membership in a protected class], [are] too conclusory to withstand a motion to dismiss." Id. (quoiting Gaddy v. Waterfront Comm'n, 2014 WL 4739890, at *5 (S.D.N.Y. Sept. 19, 2014)).

The R&R correctly found that the Plaintiff failed to make out a claim that the comparators cited by her "had similar job descriptions or responsibilities or were subject to the

same performance evaluation or disciplinary standards." Simply working for the Suffolk County Police Department is insufficient to make out her claim. Dismissal was appropriate.

Further, Magistrate Lindsay did not create a "heightened pleading requirement" as suggested by the Plaintiff. It seems that Plaintiff reaches such a conclusion without a legal basis, citing no authority on point.

## II. Plaintiff's Allegations Upon Information And Belief Are Insufficient To Survive A Motion To Dismiss

The Amended Complaint used ten current or former police officers as alleged comparators. Am. Compl. ¶¶ 77-83. However, as the R&R correctly held, none of these individuals were similarly situated to Plaintiff, as they were "all law enforcement officers" who Plaintiff failed to allege "had similar job descriptions or responsibilities or were subject to the same performance evaluation or disciplinary standards." R&R at 20. As a result, they do not qualify as valid comparators and there is no claim of disparate treatment. Other than another conclusory allegation concerning unnamed male SCPD employees who were not terminated for misdemeanor convictions, there is no valid comparison with any other employees.

The Amended Complaint has failed in this regard and there is no valid showing that discovery of SCPD records will cure these essential deficiencies.

## III. Plaintiff Should Not Be Granted Leave To File A Second Amended Complaint

The is no basis to allow for the filing of a second amended complaint. The Plaintiff did not move for this relief. Pursuant to FRCP Rule 15(a)(2), when an amended pleading is not permitted by right, "a party may amend its pleading only with the opposing party's written consent or the court's leave." FRCP Rule 15(a)(2). While "[t]he court should freely give leave when justice so requires," the decision to grant leave to amend is ultimately "within the sound discretion of the trial court." Cresswell v. Sullivan & Cromwell, 922 F.2d 60, 72 (2d Cir. 1990).

The Court should deny the request as there is no showing based on the foregoing that another pleading can cure what has already been shown a factually and legally insufficient.

## CONCLUSION

The Court should deny Plaintiff's Objections, adopt those portions of the R&R that recommended dismissal of Plaintiff's gender discrimination claim without modification, and dismiss that claim as against Cameron. The Plaintiff's request for leave to file a second amended complaint be denied

Dated: October 6, 2020
      Garden City, New York

                                          Respectfully Submitted,

                                          /Brian J. Davis/
                                          Attorneys for Defendant Stuart Cameron
                                          400 Garden City Plaza
                                          Suite 430
                                          Garden City, NY 11530
                                          P: (516) 542-0249
                                          F: (516) 542-0259
                                          brianjdavisesq@aol.com