UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
DONNA SCHULTZ,

                      Plaintiff,

      -against-

COUNTY OF SUFFOLK, JUSTIN S. MEYERS IN HIS OFFICIAL AND PERSONAL CAPACITY, DENNIS COHEN IN HIS OFFICIAL AND PERSONAL CAPACITY, AND STUART CAMERON IN HIS OFFICIAL AND PERSONAL CAPACITY,

                      Defendants.
----------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM AND ORDER**
19-CV-925 (JMA) (ARL)

**AZRACK, United States District Judge:**

Plaintiff Donna Schultz ("Plaintiff") brings employment discrimination claims against defendants the County of Suffolk (the "County"); Justin S. Meyers, in his individual and official capacity; Dennis Cohen, in his individual and official capacity; and Stuart Cameron, in his individual and official capacity (the "Individual Defendants," collectively with the County, "Defendants").  Since initiating this lawsuit on February 15, 2019, Plaintiff amended her complaint, (ECF No. 35), and abandoned some of her claims, (ECF No. 51 at 6).  Accordingly, the following claims remain:  violation of the First Amendment by the Individual Defendants pursuant to 42 U.S.C. § 1983 ("Retaliation Claim"); violation of the Fourteenth Amendment by the Individual Defendants based on gender discrimination pursuant to 42 U.S.C. § 1983 ("Gender Discrimination Claim"); violation of New York Civil Service Law Section 75-b against all Defendants; and prima facie tort against all Defendants.  Each Defendant has independently moved to dismiss Plaintiff's Amended Complaint, (ECF Nos. 42, 45, 46, 47), which the Court referred to Magistrate Judge Arlene R. Lindsay for a Report and Recommendation ("R&R").

On September 4, 2020, Judge Lindsay issued an R&R recommending that Defendants' motions to dismiss be granted in part and denied in part. (ECF No. 60.) Specifically, Judge Lindsay recommended that all of Plaintiff's causes of action be dismissed, except for the Retaliation Claim. (Id.) Each party has objected to Judge Lindsay's R&R. (ECF Nos. 61, 62, 63, 64, 65, 66.) After conducting a review of the full record (including the motion papers, R&R, objections, and opposition) and applicable law, the Court adopts Judge Lindsay's R&R in its entirety as the opinion of the Court.

In reviewing a magistrate judge's report and recommendation, a court must "make a de novo determination of those portions of the report or . . . recommendations to which objection[s] [are] made." 28 U.S.C. § 636(b)(1)(C); see also Brown v. Ebert, No. 5–CV–5579, 2006 WL 3851152, at *2 (S.D.N.Y. Dec. 29, 2006). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Those portions of a report and recommendation to which there is no specific reasoned objection are reviewed for clear error. See Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008).

First, the Court finds no clear error in the portions of Judge Lindsay's R&R to which there are no specific objections. In particular, Judge Lindsay recommended dismissal of Plaintiff's New York Civil Service Law Section 75-b claim against the Individual Defendants and dismissal of Plaintiff's prima facie tort claim against Defendants. (ECF No. 60 at 20, 23.) Applying clear error review, the Court adopts Judge Lindsay's recommendations regarding these claims.

I next address the portions of the R&R to which the parties have objected. I have undertaken a de novo review of the record, the R&R, the objections, and the opposition. First, I agree with Judge Lindsay's recommendation to deny dismissal of the Retaliation Claim. Like

Judge Lindsay, I find that Plaintiff pled sufficient facts to allege that she engaged in protected speech relating to a matter of public concern, she suffered an adverse employment action, and there was a causal connection between the adverse action and the protected speech. I agree with Judge Lindsay that even though many of the allegations are based upon information and belief, they are sufficiently pled for purposes of surviving a motion to dismiss. Additionally, I adopt Judge Lindsay's recommendation that dismissal of the Retaliation Claim be denied on the grounds of qualified immunity because the Individual Defendants' arguments rely on disputed factual determinations. The Court has also considered Defendant Cohen's argument that the R&R did not "address whether the Notice of Claim or termination letter could be considered by the Court." (ECF No. 62 at 11.) Even if Judge Lindsay had explicitly addressed the Notice of Claim or termination in her R&R, the Court would reach the same conclusion and deny the motion to dismiss with respect to the Retaliation Claim.

The Court likewise agrees with Judge Lindsay's analysis regarding the Gender Discrimination Claim. In the R&R, Judge Lindsay noted that with respect to disparate treatment, Plaintiff "failed to offer a single allegation directed to gender discrimination, other than her allegation that these purported comparators were treated differently." (ECF No. 60 at 20.) She explained that "Plaintiff has failed to allege that these comparators 'had similar job descriptions or responsibilities or were subject to the same performance evaluation or disciplinary standards.'" (Id.) In her objection, Plaintiff argues that "information regarding these police officers was publicly available," but she did not articulate what specific publicly available information Judge Lindsay failed to consider in her analysis or where it can be found. (ECF No. 61 at 3.)

Similarly, the Court agrees with Judge Lindsay regarding Plaintiff's New York Civil Service Law Section 75-b Claim against the County. Judge Lindsay explained that "Plaintiff's

3

assertion that she raised her concerns about the conduct of Defendant Meyers to two unnamed police officers is insufficient to allege reporting to a government body because there is no allegation that a report was made to individuals in a position to take corrective action." (ECF No. 60 at 22.)  The Court agrees that the Amended Complaint's assertion that Plaintiff made a report to two unnamed officers does not sufficiently allege a Section 75-B claim.  Her New York Civil Service Law Section 75-b Claim therefore cannot survive the motion to dismiss.

Plaintiff's objection also requests leave to amend her Gender Discrimination and Section 75-B Claims to address several of the pleading deficiencies Judge Lindsay identified.  Though Plaintiff already amended her complaint once before and she did not request leave to amend in her briefing before Judge Lindsay, the Court nonetheless grants her leave to amend these claims within thirty days of this Order.

Based on the foregoing, the Court adopts Judge Lindsay's comprehensive and well-reasoned R&R in its entirety as the opinion of this Court.  Accordingly, Defendants' motion to dismiss is **GRANTED** in part and **DENIED** in part.

**SO ORDERED.**

Dated: November 30, 2020
      Central Islip, New York

                                              /s/  (JMA)
                                     JOAN M. AZRACK
                                     UNITED STATES DISTRICT JUDGE