# JacksonLewis

**Jackson Lewis P.C.**
58 South Service Road, Suite 250
Melville NY  11747
(631) 247-0404 Direct
(631) 247-0417 Fax
jacksonlewis.com

MY DIRECT DIAL IS: (631) 247-4660
MY EMAIL ADDRESS IS: Marc.Wenger@jacksonlewis.com

January 27, 2021

**VIA ECF**

Honorable Joan M. Azrack
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

          Re:   *Schultz v. County of Suffolk, et al.*,
                 Case No. 19-CV-00925 (JMA)(ARL)

Dear Judge Azrack:

      We represent Defendant Justin S. Meyers ("Meyers" or "Defendant") in this matter.  We write pursuant to Rule IV(B) of Your Honor's Individual Practice Rules to request a pre-motion conference as to Defendant's anticipated motion pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss two claims asserted in Plaintiff's Second Amended Complaint ("SAC"). Although Plaintiff was granted leave to replead her gender discrimination claim under the 14th Amendment and 42 U.S.C. Section 1983 and her N.Y. Civil Service Law Section 75-b claim to address the several pleading deficiencies the court had previously identified (Dkt. No 68), the SAC still fails to state a claim under those causes of action as against Meyers. Defendant joins co-defendants' requests that the Court combine the pre-motion conference with the preliminary conference scheduled for February 3, 2021, so that the parties may begin discovery on the first cause of action while defendants' motions to dismiss are pending.

**I.    Standard of Review**

      This Court previously noted that in considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), "District courts are to first identify pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  Though legal conclusions can provide the framework of a complaint, they must be supported by factual allegations…[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Schultz v. Cty. of Suffolk*, 2020 U.S. Dist. LEXIS 164506, *7-8, (E.D.N.Y. September 4, 2020) (internal quotations and citations omitted).

## II. Plaintiff Still Fails to Allege Facts Sufficient to Support an Inference That Meyers Discriminated Against Her Because of Her Gender.

The SAC does not (and cannot) assert any facts plausibly suggesting that Meyers discriminated against Plaintiff because of her gender. As addressed in Defendant's motion to dismiss the Amended Complaint (Dkt No. 49 at 14), even if Meyers had any authority to discharge Plaintiff, no reasonably juror could conclude that he did so discriminatorily given Plaintiff's own admission that Meyers recruited and hired her after they had worked together on several projects. SAC at ¶¶ 17, 21. *Cordell v. Verizon Communs., Inc.*, 331 F. App'x 56, 58 (2d Cir. 2009) ("as this Court has stated, where the person who made the decision to fire was the same person who made the decision to hire, it is difficult to impute to her an invidious motivation that would be inconsistent with the decision to hire.") (quoting *Schnabel v. Abramson,* 232 F.3d 83, 91 (2d Cir. 2000)); *Grady v. Affiliated Cent.*, 130 F.3d 553, 560 (2d Cir. 1997) (fact that supervisor had herself hired the plaintiff suggested no inference of discrimination). The SAC does not offer any facts to overcome this compelling inference. As such, Plaintiff's gender discrimination claim must be dismissed as against Meyers. In his prior motions, Meyers raised this defense, but the Court has not yet addressed it and Plaintiff has persisted in pleading this baseless claim against him.

## III. Plaintiff Fails to State a Claim for Fourteenth Amendment Gender Discrimination under 42 U.S.C. §1983.

The newly added allegations in the SAC also fail to plausibly assert *any facts* to support her conclusory allegation that "she was treated unfairly, unequally, and in [a] discriminatory manner based upon her gender by all the Defendants." SAC at ¶ 104. The SAC only alleges, in a conclusory fashion, that "upon information and belief," all Suffolk County Police Department ("SCPD") employees, including police officers and non-police officers like Plaintiff, are subject to the same performance evaluation and disciplinary standards. *Id.* at ¶¶ 79-82. These allegations fail to address the previous deficiencies identified by the Court as the SAC offers no *facts* suggesting "that plaintiff and the comparators had similar job descriptions or responsibilities or were subject to the same performance evaluation or disciplinary standards[.]" *Schultz*, 2020 U.S. Dist. LEXIS 164506, at *27 (citing *Neubecker v. N.Y. State, State Univ. of N.Y. Erie Cmty. Coll.*, 2018 U.S. Dist. LEXIS 136650, at * 5, (W.D.N.Y. Aug. 18, 2018)).

While the SAC identifies a number of police officers who Plaintiff claims were similarly situated to her, nothing in the SAC suggests that the police officers or the highway patrol sergeant had similar job descriptions or responsibilities as Plaintiff in her role as the SCPD's Director of Communications (SAC at ¶25), or that they were evaluated by the same individuals who evaluated Plaintiff. Further, nothing in the SAC suggests that Meyers was personally involved in those disciplinary actions. Disciplinary decisions made by other individuals at other times under other circumstances provide no valid basis for comparison with Meyers' alleged decision affecting Plaintiff. Because Plaintiff fails to satisfy the well-established *Iqbal* standard and identifies no suitable male comparators who were treated more favorably by Meyers, dismissal of Plaintiff's gender discrimination claim is appropriate.

### IV. <u>Plaintiff Fails to State a Section 75-b Claim as to Meyers.</u>

A Section 75-b claim applies only to government entities that employ the individual making a protected disclosure. *Zielonka v. Town of Sardinia*, 120 A.D.3d 925, 926 (4th Dep't 2014). It does not permit a plaintiff to maintain an action against individual defendants such as Meyers. *See Moore v. County of Rockland*, 192 A.D.2d 1021 (3d Dep't 1993). On this basis alone, the third cause of action should be dismissed as to Meyers. Nor does the SAC even mention Meyers as a defendant against whom the third cause of action is brought. As such, Plaintiff's Section 75-b claim should be dismissed as to Meyers.

For all of these reasons, Defendant respectfully requests permission to move to partially dismiss the SAC. Defendant reserves the right to include additional arguments as research reveals during the course of drafting the motion.

Respectfully submitted,

JACKSON LEWIS P.C.

*Marc S. Wenger*

Marc S. Wenger
Jaime Sanchez

MSW:dc

cc: Counsel of Record (*via* ECF)

4844-1054-9721, v. 1