# BRENDAN CHAO
## ATTORNEY AND COUNSELLOR AT LAW

50 MERRICK ROAD, SUITE 200
ROCKVILLE CENTRE, N.Y. 11570
(516) 466-2033
FACSIMILE: (516) 466-2007

E-MAIL: bchao@bchaolaw.com

February 3, 2021

**VIA ECF**

The Honorable Joan M. Azrack
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, N.Y. 11722

Re: Donna Schultz v. County of Suffolk, et al.
Civil Case No. 19-CV-00925(JMA)(ARL)

Dear Judge Azrack:

I represent the Plaintiff in this case. This letter opposes Defendants' proposed Motions to Dismiss the Second Amended Complaint ("SAC").

Defendants seek dismissal of Plaintiff's SAC because the allegations are conclusory, which they are not. Plaintiff submits she has satisfied the pleading standard required for her claims. To the extent that Defendants seek dismissal of claims against their respective clients because individual liability may not lie, I previously offered to conference the issue with Defendants, but no response was received.

Magistrate Judge Lindsay held that "[A] plaintiff may survive a motion to dismiss by 'pleading facts alleged upon information and belief where the facts are peculiarly within the possession and control of the defendant.'" See Report & Recommendation ("Report") at p. 13 (citations omitted). Magistrate Judge Lindsay reasoned, in analyzing Plaintiff's First Amendment claim, "that there is a need to more fully develop the factual basis for plaintiff's claims – specifically the nature of her duties and reporting responsibilities...." Report at 12 (citations omitted). Similarly, as here, further discovery would enable the Court to determine whether it is plausible for a jury to ultimately determine whether the comparators are similarly situated. Report at 19. Judge Lindsay's reasoning in her analysis of Plaintiff's First Amendment Claim should be no different in analyzing Plaintiff's discrimination claim.

Counsel for Suffolk County requests additional permission to "allow submission of material beyond the pleadings in connection with the 12(b)(6) motion." See Suffolk County letter at p. 2. Evidence outside of the Complaint may not be considered by the Court when deciding a motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6). See, e.g., DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 113 (2d Cir. 2010) ("In ruling on a motion pursuant to Fed. R. Civ. P. 12(b)(6), the duty of a court is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.") (citation and internal question marks omitted); Hahn v. Rocky Mt. Express Corp., 2012 WL 2930220, at *2 (S.D.N.Y. 2012) ("When deciding a motion to dismiss ... [e]vidence outside [the complaint] ... cannot [ ] be considered on review of a 12(b)(6) motion.") (citation and internal quotation marks and alterations omitted). In this regard, pursuant to Fed. R. Civ. P. 12(d), where matters outside the complaint are presented in connection with a Rule 12(b)(6) motion, "a district court must either 'exclude the additional material and decide the motion on the complaint alone' or 'convert the motion to one for summary judgment under Fed. R. Civ. P. 56 and afford all parties the opportunity to present supporting material.'" Friedl v. City of New York, 210 F.3d 79, 83 (2d Cir. 2000) (quoting Fonte v. Bd. of Managers of Continental Towers Condo., 848 F.2d 24, 25 (2d Cir. 1988)). Costa v. Astoria Fed. Sav. & Loan Ass'n, 995 F. Supp. 2d 146, 148 (E.D.N.Y. 2014).

The County's request invites the Court to consider its motion as one for Summary Judgment, but in the absence of any discovery and supporting material this request is premature.

Another round of motion practice unnecessarily delays the resolution of this case. For that reason, Plaintiff respectfully requests that Defendants' letter motions be denied.

Respectfully yours,

Brendan Chao

BC/aa

Cc:   All Attorneys of Record   **VIA ECF**