# BRENDAN CHAO
## ATTORNEY AND COUNSELLOR AT LAW

50 MERRICK ROAD, SUITE 200
ROCKVILLE CENTRE, N.Y. 11570
(516) 466-2033
FACSIMILE: (516) 466-2007

E-MAIL: bchao@bchaolaw.com

August 18, 2021

**VIA ECF**

The Honorable Joan M. Azrack
United States District Court Judge
Eastern District of New York
100 Federal Plaza
Central Islip, N.Y. 11722

    Re:    Schultz v. County of Suffolk, et al.
              Case No. 19-CV-00925 (JMA)(ARL)

Dear Judge Azrack:

      This office represents Plaintiff. Defendant Meyers requests permission to move for summary judgment on the ground that he had no personal involvement in Plaintiff's termination. This motion is premature as the parties have not yet completed discovery, and they have not commenced depositions. Under Rule 56(f), this motion should be held in abeyance until the parties complete discovery.

**Summary of factual allegations**

      In this free speech retaliation and gender discrimination case, the protected speech engaged in by Plaintiff was her report that Defendant Meyers was improperly electioneering and campaigning for Timothy Sini in Sini's bid to become Suffolk County District Attorney while Meyers was working on Suffolk County time, improperly using County employees, and falsely submitting time sheets regarding his whereabouts throughout the workday.

      Meyers was Assistant Deputy Police Commissioner at the time of Schultz's hiring and was subsequently promoted to Assistant Commissioner for Strategic Communications until he resigned to be Timothy Sini's Chief of Staff at the Suffolk County District Attorney's Office following Sini's election as District Attorney. Meyers was, in part, responsible for the hiring process of individuals seeking employment through the SCPD, and Meyers was part of the decision making unit that denied Schultz employment based upon her reporting of Meyer's misconduct. Alternatively, and

upon information and belief, he was one of the individual Defendants who conspired to deny Schultz employment because of her complaints of Meyers's misconduct.

On one occasion, during a SCPD workday, Schultz brought paperwork to Meyers's house that needed to be signed by Meyers. In addition to Meyers, Jason Elan, County Executive Steve Bellone's Communications Director, were present along with Derek Poppe, who also worked with Elan in Bellone's Communications office. Plainly visible on their computer monitors were press releases regarding Sini's campaign for District Attorney.

On or about January 1, 2018, Meyers resigned from the SCPD to work as Sini's Chief of Staff at the Suffolk County District Attorney's Office. Throughout January and February 2018, Meyers continued to call into the SCPD to direct its employees to do work for him, including calls to Schultz. For example, Meyers gave explicit instructions to Schultz not to hold any press conferences regarding arrests made by SCPD because he wanted those announcements to come out of the DA's communication's office not the SCPD's communication's office. In another instance, Meyers gave explicit instructions to Schultz and other SCPD staff not to provide details of an alleged theft of District Attorney Sini's wallet from his county car.

On or about February 22, 2018, the DA's office held a press conference concerning an arrest warrant executed by the SCPD. Meyers wanted Schultz to have the SCPD's social media platforms address this arrest warrant. This day, however, fell on a day when the SCPD was honoring one of its fallen police officers. The SCPD's tradition was that all SCPD social media would focus on the fallen police officer for the entire day.

Meyers began sending threatening and profane text messages to Schultz's cell phone. Included in these threats was this threat from Meyers to Schultz "…it's not going to go very well for you. If you do not call me in the next 60 seconds you're going to get an extremely uncomfortable phone call from the commissioner [Defendant Cameron]."

A week after Meyers's threatening text message, Schultz met with two senior-level SCPD police officers to discuss Meyers's conduct. One of the officers, SCPD Lieutenant Michael Homan, was assigned to the Office of Chief of the Department. He was known as the "right hand" of acting Police Commissioner Cameron. The second officer, SCPD Deputy Inspector Thomas Kenneally, was assigned to the Office of the Police Commissioner. He had daily interaction with Police Commissioner Cameron, and, upon information and belief, was tasked with carrying out Cameron's orders, including the investigation of Meyers's threatening text message to Schultz. Upon information and belief, both Homan and Kenneally had the authority to take corrective action, or at the very least, had an obligation to report Meyers's misconduct to someone who did, e.g. Commissioner Cameron, which is why Schultz reported Meyers's conduct to them. During this meeting Schultz reported on a matter of public concern. Schultz reported that Meyers was campaigning for the former SCPD Commissioner, Sini, on SCPD time, using SCPD employees to run errands for him, and she also reported other matters of fraud related to Meyers's time keeping records while employed by the SCPD.

The two senior-level SCPD officers told Schultz they would look into it further, but she never heard from them again. Upon information and belief, the two-senior level SCPD officers who Schultz complained to spoke to Cameron about Schultz's complaints, including her statements regarding Meyers's campaigning for then SCPD Commissioner Sini on County time, misusing SCPD employees, and other matters of fraud related to Meyers time keeping records while employed by the SCPD. Upon information and belief, Cameron then spoke to both Meyers and Cohen about Schultz's allegations regarding Meyers's misconduct. Before her reporting of Meyers, Schultz regularly saw him in meetings with Cohen in Hauppauge at the County Executive's offices. Upon information and belief, those meetings continued after her reporting of Meyers. Upon information and belief, a joint decision between Meyers, Cohen, and Cameron was made to terminate Schultz's employment under the pretext that she had failed a background check. Upon information and belief, this decision was made in the independent, personal conspiratorial purpose of each co-Defendant, i.e. to cover up illegal activities. Initially, upon information and belief, the individual Defendants agreed that they would offer Schultz the option to resign instead of being fired, and so nine days later, on March 15, 2018, Cameron told Schultz to report Hauppauge to meet with Cohen, which indicated to Schultz that Cameron and Cohen had already discussed Schultz's fate. Upon information and belief, Meyers instigated the termination of Schultz's employment following her reporting, Cameron was the messenger, and Cohen was the axe man.

These allegations permit the inference that Meyers played a role in Plaintiff's retaliatory termination. While Meyers submits evidence in the form of affidavits and documents in support of his proposed motion, it is too early to resolve this issue as a matter of law. Depositions need to be taken on this issue. Yet, the parties have not yet commenced depositions.[1] Under Rule 56(f),

> "if a party opposing a summary judgment motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may, *inter alia,* deny the summary judgment motion or order a continuance to allow the opposing party to obtain affidavits, take depositions, or conduct other discovery that is material to its opposition to the motion. *See* Fed. R. Civ. P. 56(f); *see, e.g., Paddington Partners v. Bouchard,* 34 F.3d 1132, 1137 (2d Cir.1994). A court plainly has discretion to reject a request for discovery if the evidence sought would be cumulative or if the request is based only on "speculation as to what potentially could be discovered," *id.* at 1138; and a bare assertion that the evidence supporting plaintiff's allegations is in the hands of the moving party is insufficient to justify the denial of summary judgment, *see id.* But a party against which summary judgment is sought must be afforded "a reasonable opportunity to elicit information within the control of his adversaries." *Quinn v. Syracuse Model Neighborhood Corp.,* 613 F.2d 438, 445 (2d Cir. 1980) (summary judgment should not be granted against non-dilatory party who has

---

[1] Suffolk County is withholding numerous documents pending the execution of a Confidentiality Stipulation (the "Stipulation"). On or about July 21, counsel for Suffolk County circulated a Stipulation for comment amongst the parties; Plaintiff made several comments that same day. Defendants, with the exception of counsel for Defendant Cohen, have ignored all of Plaintiff's inquiries made over the past several weeks regarding the status of the Stipulation.

been "denied reasonable access to potentially favorable information"). *In re Dana Corp.*, 574 F.3d 129, 148–49 (2d Cir. 2009).

As Meyers' proposed motion is premature, this Court should deny his request and allow the parties to complete discovery.

Respectfully submitted,

Brendan Chao

BC/aa

Cc: All Attorneys of Record  **VIA ECF**