UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X   Docket No.: 19-cv-00925 (JMA)(ARL)
DONNA J. SCHULTZ,

                    Plaintiff,                Azrack, J.
                                                        Lindsay, M.

    -against-

COUNTY OF SUFFOLK, JUSTIN S. MEYERS IN
HIS OFFICIAL AND PERSONAL CAPACITY,
DENNIS COHEN IN HIS OFFICIAL AND
PERSONAL CAPACITY, AND STUART
CAMERON IN HIS OFFICIAL AND PERSONAL
CAPACITY,

                    Defendants.
---------------------------------------------------------------X

## STIPULATION AND ORDER REGARDING CONFIDENTIAL INFORMATION

       The following provisions shall govern the exchange of confidential information in this matter:

1. Counsel for any party may designate any document, information contained in a document, information revealed in an interrogatory response or information revealed during a deposition as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client. Information and documents designated as confidential are to be stamped "CONFIDENTIAL." "Confidential" information or documents may be referred to collectively as "Confidential Information."

2. Unless ordered by the court or otherwise provided for herein, the Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the above-captioned action.

3. In the event that a party challenges another party's designation, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may thereafter seek resolution by the court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of all Confidential Information disclosed, in accordance with applicable laws and court rules.

4. Information or documents designated as "Confidential" shall not be disclosed to any person except:

a. The parties and their counsel, including in-house counsel;

b. Employees of such counsel assigned to and necessary to assist in the litigation;

c. The Court (including the clerk, court reporter or stenographer, or other person having access to Confidential Information by virtue of his or her position with the Court) or the jury at trial or as exhibits to motions;

d. Subject to the condition set forth in Paragraph 6 below: consultants or experts in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

e. Subject to the condition set forth in Paragraph 6 below: any person from who testimony is taken or is to be taken in this action, except that such a person may only be shown Confidential Information during and in preparation for his/her testimony and may not retain the Confidential Information. The party disclosing Confidential Information to such person must give the non-disclosing parties notice of the Confidential Information that will be disclosed as well as an opportunity to move to prevent such disclosure before the Confidential Information is shown to such person or witness.

5. Prior to disclosing or displaying Confidential Information to any person, counsel shall:

    a. Inform the person of the confidential nature of the information or documents;

    b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

6. The Confidential Information may be displayed to and discussed with the persons identified in Paragraphs 4(d) and (e) only on condition that prior to any such display each person must sign an agreement to be bound by this Order in the form attached hereto as Exhibit A. The signed agreement attached as Exhibit A must be provided to counsel for all parties. In the event that such person refuses to sign an agreement in the form attached as Exhibit A, the party desiring to disclose the Confidential Information may seek appropriate relief from the Court.

7. The disclosure of a document or information without designating it as "confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information provided the material is designated pursuant to the procedures set forth herein no later than fourteen (14) days after the production of the document or information. If so designated, the document or information shall

thenceforth be treated as Confidential Information subject to all of the terms of the Stipulation and Order.

8. All information subject to confidential treatment in accordance with the terms of this Stipulation and Order that is filed with the Court, including any pleadings, motions or other papers filed with the Court that includes Confidential Information, shall be filed under seal or provided for in camera inspection only to the extent permitted by law (including, without limitation any applicable rules of court) and shall be kept under seal until further order of the Court. To the extent that the Court requires any further act by the parties as a precondition to the filing of documents under seal (beyond the submission of this Stipulation and Order Regarding Confidential Information), it shall be the obligation of the producing party of the documents to be filed with the Court to satisfy any such precondition. Where possible, only confidential portions of the filings with the Court shall be filed under seal.

9. At the conclusion of the litigation, the Confidential Information and any copies thereof shall be promptly (and in no event no later than thirty (30) days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that such files will remain confidential.

The foregoing is without prejudice to the right of any party to apply to the Court for any further Protective Order relating to Confidential Information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this order. This Order may be enforced by any party and any violation of this order may result in the imposition of sanctions by the Court.

Understood and agreed to by the undersigned counsel.

Dated: 9/1, 2021

Brendan Chao (BC 8811)
50 Merrick Road, Suite 200
Rockville Centre, New York 11570
(516) 466-2033

*Attorneys for Plaintiff*
*Donna J. Schultz*

Dated: 9/1/2021

Stephen Bergstein (    )
Bergstein & Ullrich LLP
5 Paradies Lane
New Paltz, New York 12561
(845) 469-1277

*Attorneys for Plaintiff*
*Donna J. Schultz*

*Debra L Wabnik*

---
Debra L. Wabnik (dw-0944)
Stagg Wabnik Law Group LLP
401 Franklin Avenue, Suite 300
Garden City, New York 11530
(516) 812-4504
*Attorneys for Defendant*
*County of Suffolk*

*[signature]*

---
Marc S. Wenger, Esq.
Jaime Sanchez, Esq.
Jackson Lewis P.C.
58 South Service Road, Suite 250
Melville, New York 11747
(631) 247-0404
*Attorneys for Defendant*
*Justin S. Meyers*

*[signature]*

---
Matthew Joseph DeLuca (MD 4431)
Law Offices of Mark A. Cuthbertson
434 New York Avenue
Huntington, New York 11743
(631) 351-3501

*Attorneys for Defendant*
*County of Dennis Cohen in his*
*official and personal capacity*

---
Brian J. Davis (BJD5694)
Brian J. David, P.C.
400 Garden City Plaza, Suite 430
Garden City, New York 11530
(516) 542-0249

*Attorneys for Defendant*
*Stuart Cameron in his official*
*and personal capacity*

**SO ORDERED:**

---
**Honorable Joan M. Azrack, U.S.D.J.**

Debra L. Wabnik (dw-0944)
Stagg Wabnik Law Group LLP
401 Franklin Avenue, Suite 300
Garden City, New York 11530
(516) 812-4504
*Attorneys for Defendant*
*County of Suffolk*

Marc S. Wenger, Esq.
Jaime Sanchez, Esq.
Jackson Lewis P.C.
58 South Service Road, Suite 250
Melville, New York 11747
(631) 247-0404
*Attorneys for Defendant*
*Justin S. Meyers*

Matthew Joseph DeLuca (MD 4431)
Law Offices of Mark A. Cuthbertson
434 New York Avenue
Huntington, New York 11743
(631) 351-3501

*Attorneys for Defendant*
*County of Dennis Cohen in his*
*official and personal capacity*

Brian J. Davis (BJD5694)
Brian J. Davis, P.C.
400 Garden City Plaza, Suite 430
Garden City, New York 11530
(516) 542-0249

*Attorneys for Defendant*
*Stuart Cameron in his official*
*and personal capacity*

**SO ORDERED:**

_____
**Honorable Joan M. Azrack, U.S.D.J.**